**SPECTOR et al. v. UNITED STATES.**

No. 13203.

United States Court of Appeals
Ninth Circuit.

Jan. 10, 1952.

As Amended Jan. 29, 1952.

A. L. Wirin, Los Angeles, Cal., Norman Leonard, San Francisco, Cal., Leo Branton, Jr. and Ben Margolis, Los Angeles, Cal., for appellants.

Walter S. Binns, U. S. Atty., Los Angeles, Cal., for appellee.

Before DENMAN, Chief Judge, and HEALY and POPE, Circuit Judges.

DENMAN, Chief Judge.

This is an appeal by appellants, Frank Efroim Spector, Frank Carlson, and Ben Dobbs, indicted, jailed and waiting trial, from an order denying a motion for reduction of bail fixed in the amount of $50,000 for each movant. The denial of their motion in the instant case succeeded our reversal in the case of Stack, v. United States, 9 Cir., 193 F.2d 875, of a similar order of Judge Mathes,[1] denying a reduction of $50,000 bail for each of the eleven appellants. In the Stack case we ordered the release of seven of the appellants on giving bail in the amount of $10,000 each and of four appellants on the giving of bail in the amount of $5,000 each.

Our reversal of the Stack case order came after the Supreme Court in Stack v. Boyle, 342 U.S. 1, 72 S.Ct. 1, had decided that, on the evidence in that case, the $50,000 bail fixed for all the defendants was excessive. That Court remanded the case to the district court, stating that the jailed persons had the right to make their individual motions for a reduction in the amount of bail and the right to appeal to this court from the orders entered.

We thought this Supreme Court decision sufficiently disclosed the error of the judge's decision on the return of the case to the district court, in denying the motions of Schneiderman and other defendants for reductions of the $50,000 bail. However, the judge states in the instant Spector case that he does not know what

---

1. The case was entitled below Schneiderman v. United States, D.C., 102 F.Supp. 54.

error he committed in the former case. His opinion in the instant case repeats, almost verbatim, the reasoning of his opinion in the Schneiderman case. Because of this insistence, we have considered in detail here the errors on which both opinions are based.

▮ The short of the matter is that the trial judge has failed to follow the Supreme Court decision in the Stack case, 72 S.Ct. at page 4. The holding was that in the cases there dealt with bail should not be higher than that normally fixed for offenses carrying like penalties, in the absence of showing of special circumstances requiring larger bail. No such special circumstances were shown, yet bail was again fixed at $50,000, the amount which the Supreme Court said "cannot be squared with the statutory and constitutional standards for admission to bail."

We are here concerned with the right to bail before conviction of which the controlling provisions are Amendment VIII of the Constitution and Federal Rules of Criminal Procedure, Rule 46(a) (1) and (3), 18 U.S.C. The constitutional provision is: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."

Federal Rules of Criminal Procedure, Rule 46(a) (1) provides: "Before Conviction. A person arrested for an offense not punishable by death *shall* be admitted to bail. A person arrested for an offense punishable by death may be admitted to bail by any court or judge authorized by law to do so in the exercise of discretion, giving due weight to the evidence and to the nature and circumstances of the offense." (Emphasis supplied.)

The Supreme Court in Stack v. Boyle, supra, at page 3 of 72 S.Ct., emphasizes the word "shall" in Rule 46(a) (1), stating: "From the passage of the Judiciary Act of 1789, 1 Stat. 73, 91, to the present Federal Rules of Criminal Procedure, Rule 46(a) (1), 18 U.S.C.A., Federal law has unequivocally provided that a person arrested for a non-capital offense *shall* be admitted to bail. This traditional right to freedom before conviction permits the unhampered preparation of a defense, and serves to prevent the infliction of punishment prior to conviction. See Hudson v. Parker, 1895, 156 U.S. 277, 285, 15 S.Ct. 450, 453, 39 L.Ed. 424. Unless this right to bail before trial is preserved, the presumption of innocence, secured only after centuries of struggle, would lose its meaning."

Federal Rules of Criminal Procedure, Rule 46(c) provides: "Amount. If the defendant is admitted to bail, the amount thereof shall be such as in the judgment of the commissioner or court or judge or justice will insure the presence of the defendant, having regard to the nature and circumstances of the offense charged, the weight of the evidence against him, the financial ability of the defendant to give bail and the character of the defendant."

The Supreme Court in reversing in Stack v. Boyle, with its omnibus $50,000 bail for each accused, states at page 4 of 72 S.Ct.: "Upon final judgment of conviction, petitioners face imprisonment of not more than five years and a fine of not more than $10,000. It is not denied that bail for each petitioner has been fixed in a sum much higher than that usually imposed for offenses with like penalties and yet there has been no factual showing to justify such action in this case. The Government asks the courts *to depart from the norm* by assuming, *without the introduction of evidence,* that each petitioner is a pawn in a conspiracy and will, in obedience to a superior, flee the jurisdiction. To infer from the fact of indictment alone a need for bail in an unusually high amount is an arbitrary act. Such conduct would inject into our own system of government the very principles of totalitarianism which Congress was seeking to guard against in passing the statute under which petitioners have been indicted." (Emphasis supplied.)

Upon return of the case to the district court, Schneiderman, Stack and the other defendants moved for a reduction of the $50,000 bail and the government sought to sustain its burden of going forward upon the issue that such an amount was a justifiable departure from the "norm" by introducing evidence showing the connection of

nine of them with some organization called Communist. Judge Mathes denied the motion. On appeal we reversed and, acting under 28 U.S.C. § 2106,[2] directed the district court to enter orders to release seven on a bail of $10,000 each and four on a bail of $5,000 each.

In the instant case, Spector, Carlson and Dobbs each similarly moved for a reduction of the $50,000 bail required of each. The motions were denied, Judge Mathes, at the hearing below, complaining of the classification into $10,000 and $5,000 bail groups that he is unable "to perceive any basis, rational or visceral for such a classification." The answer to this complaint is that the evidence before the judge shows that the $10,000 bail was required of those who were officers of some kind of an organization called Communist and the $5,000 bail of those with non-official connection or none at all.

No one can read this record and conclude that any of these appellants can furnish the $50,000 bail fixed. As long as it stands, they will remain in jail. When bail is thus fixed in an impossible amount, in a case not involving any more showing of special circumstances than what appears here, the courts render themselves subject to the suspicion that, as suggested by Mr. Justice Jackson in the Stack case, the amount has been fixed, "72 S.Ct. 6, not as a reasonable assurance of their presence at the trial, but also as an assurance that they would remain in jail."[3]

### A. Spector's Motion.

Under Federal Rules of Criminal Procedure 46(c) the question of "character" is primarily concerned with the likelihood of the accused's fleeing prior to trial. On this Spector offered uncontradicted evidence of four arrests and release on bond. In two of the cases his defense

was successful and his bond was exonerated; on the other two the litigation is pending and he has responded to all orders made during his release on bail. In this respect his character is like that of Connelly, one of the defendants we ordered released on bail in the Stack case.

No prior sustained conviction of Spector of any kind was shown. He is without resources to supply the $50,000 bail. He has a child, an American citizen. He states his intention to be tried and expects to be acquitted. Despite the above, the judge's opinion states that there is absence of evidence of traits of "character" as that word is used in § 46(c). We do not agree. Such evidence is relevant to the character of Spector as one likely or unlikely to flee if bailed.

The only evidence offered by the government to show the $50,000 bail is not an excessive amount above the "norm" of Stack v. Boyle, supra, is that Spector in 1928 was the respondent in deportation proceedings which resulted in an order for his deportation. That is to say, for 21 years the government has not deported him. It offered no evidence that he was connected with any group or party called Communist, much less with any group seeking to overthrow the government by force.

Spector refused to answer a question as to the name of his employer on the ground that it would tend to incriminate him. Judge Mathes recognizes his right so to claim this privilege, but states of Spector and of Carlson and Dobbs, who claimed the privilege on similar questions, "That in testifying they might be incriminated under some federal law if called upon to answer as to the nature or duration of employment or identity of employer, the defendants are *either perjurers or persons who fear themselves engaged in*

---

2. Embodying U. S. Rev. Stat. § 701, held to apply to criminal cases. Ballew v. United States, 160 U.S. 187, 202, 16 S.Ct. 263, 40 L.Ed. 868; Karn v. United States, 9 Cir., 158 F.2d 568, 573; Klee v. United States, 9 Cir., 53 F.2d 58; Bryan v. United States, 338 U.S. 552, 556, 70 S.Ct. 317, 94 L.Ed. 335.

3. Mr. Justice Jackson's impression of the matter was that "There seems reason to believe that this may have been the spirit to which the courts below have yielded, and it is contrary to the whole policy and philosophy of bail." Stack v. Boyle, supra, 72 S.Ct. at page 6.

*doing something forbidden by federal law* while in the employ or [of] an employer likewise engaged." (Emphasis supplied.)

Here is clear error. The privilege is for the innocent as well as the guilty and no inference can be drawn against the person claiming it that he fears that he is "engaged in doing something forbidden by federal law."[4] The subject is fully discussed in VIII Wigmore, § 2251 where he summarizes in the statement, "The truth is that the privilege exists for the sake of the innocent—or at least for reasons irrespective of the guilt of the accused."

■ Though there is no evidence that Spector is a member of any organization of any kind, Judge Mathes' opinion erroneously states that the government offers such evidence. He then states of the absent evidence that it "and the indictment serve to establish, for the purpose of these proceedings, probable cause to believe that the defendants are members of the Communist Party and subject to the discipline of that party," and hence so likely to flee that a $50,000 bail is necessary. Here again is clear error and disregard of Stack v. Boyle's holding that no such inference may be drawn from the indictment alone.

■ His opinion then quotes as facts applicable to the parties here from the Chief Justice's opinion in Dennis v. United States, 341 U.S. 494, 498, 71 S.Ct. 857, 861, 95 L.Ed. 1137, in which none of the defendants here were parties: "The Court of Appeals held that the record supports the following broad conclusions: '* * * that the Communist Party is a highly disciplined organization, adept at infiltration into strategic positions, use of aliases, and double-meaning language; that the Party is rigidly controlled; that Communists, unlike other political parties, tolerate no dissension from the policy laid down by the guiding forces, but that the approved program is slavishly followed

by the members of the Party. * * *'" Here again is clear error, for no principle of stare decisis or res judicata makes a finding of fact applicable to persons not parties to the action in which the finding is made.

It was the Chief Justice who later wrote the opinion in Stack v. Boyle stating, "to infer from the fact of indictment alone a need for bail in an unusually high amount is an arbitrary act. Such conduct would inject into our own system of government the very principles of totalitarianism which Congress was seeking to guard against in passing the statute under which petitioners have been indicted." The Chief Justice's opinion is a recognition that his prior opinion in the Dennis case was inapplicable because between parties other than those in Stack v. Boyle. It makes clear that, because of public agitation in the cold war, the Soviet Government has not won a major victory by removing, in effect, from the federal constitution its provision for the right to bail.

B. The motions of Carlson and Dobbs.

■ Each offered evidence like that of Spector of their characters, tending to show they were unlikely to flee if bailed. The only evidence offered by the government warrants the inference of membership in some organization called Communist. There was no evidence that such organization sought the overthrow of government by force.

It is obvious that persons may organize legally to change by peaceful constitutional amendment the form of our government from that of free enterprise to one in which there is a communal ownership by the state of all capital. Congress has recognized this variety of such organizations in the McCarran Act of 1950. It provides that in prosecutions under the Smith Act, 18 U.S.C. § 2385, and other criminal legis-

---

4. A classical law school situation is applicable. A workman on the way to his job finds his enemy lying by the road with a knife sticking in him. He pulls out the knife. Before the grand jury he claims his privilege not to answer the question, "Were you standing beside the dead man with a knife in your hand?" Congress has recognized the likelihood of the conviction of the innocent in providing for a Court of Claims proceeding for damages for those wrongfully imprisoned. 28 U. S.C. § 2513.

lation, the accused cannot be held guilty because he be shown to be a "member" of "any Communist organization," as with Carlson and Dobbs, or even if proved to be an "officer" thereof as were seven in the Stack case. The McCarran Internal Security Act of 1950, 64 Stat. 987, 992, § 4(f), 50 U.S.C.A. § 783(f) provides that: "Neither the holding of office nor membership in *any* Communist organization by any person shall constitute per se a violation of subsection (a) or subsection (c) of this section or of *any other criminal statute*." (Emphasis supplied.)

Similarly, § 4(a) provides that it is not a conspiracy to violate that Act to combine for the "proposal of a constitutional amendment" to accomplish the purposes otherwise made felonious.[5]

The district judge's opinion ignores the McCarran Act and states, supra, that Carlson and Dobbs when bailed may be required to flee because, since they belong to some Communist organization, they must be dominated by powers who would compel such flight.

In all three motions and in those in the Stack case the opinions rely on the fact that four of the persons in the Dennis case after conviction had fled while released on bail of $20,000 during appeal. They had not fled when released before trial on bail of $5,000 each. The situation of persons bailed after trial is unlike that of those on bail awaiting trial. There is always the hope of acquittal at the approaching trial. To flee before trial means being an outcast fugitive always in hiding.

For the above reasons we reversed the orders denying the motions and under 28 U.S.C. § 2106, ordered the release of each appellant upon giving bail in the amount of $5,000.

5. Note by Denman, Ch. J. The Minsheviks, opposing the Bolsheviks, sought the establishment of the Marxian state by peaceful means. They were liquidated by the Bolsheviks. American Bar Association's Circulated Statement on Communism, pages 10 and 18.