**Application of Sidney STEIN, also known as Sidney Steinberg, Relator,**

**v.**

**Frank F. KENTON, Warden of the Federal Detention Headquarters in New York City, Respondent, For a Writ of Habeas Corpus.**

United States District Court
S. D. New York.
Sept. 7, 1955.

Reuben Terris, New York City, for relator.

Lloyd F. MacMahon, U. S. Atty. for S. D. N. Y., for respondent, David H. Harris, Special Asst. to the Atty. Gen., of counsel.

HERLANDS, District Judge.

This is an application by relator-defendant for a writ of habeas corpus and relief by way of reduction of bail in the sum of $75,000 pending appeal, originally

fixed by the Ninth Circuit Court of Appeals on May 25, 1954.

Relator was convicted on April 26, 1954, in the United States District Court for the Northern District of California, Southern Division, on charges of harboring a fugitive from justice and conspiring to harbor said fugitive. On May 3, 1954, he received a sentence of three years. The trial judge refused relator's application for bail after conviction and pending appeal.

Thereafter, relator filed a motion for bail, pending appeal, with the Ninth Circuit Court of Appeals. This motion was granted; and, on May 25, 1954, bail was set at $75,000. Shortly thereafter, on June 14, 1954, relator again applied to the Ninth Circuit Court of Appeals, this time for a reduction in the amount of the $75,000 bail theretofore set by it. This motion was denied on June 22, 1954.

Two weeks later, on July 9, 1954, relator applied to Chief Justice Warren, then sitting as circuit judge in California, for similar relief. Chief Justice Warren denied the application to reduce bail on the same day.

Relator has not petitioned the Supreme Court for a writ of certiorari to review the action of the Ninth Circuit Court of Appeals in refusing to reduce the amount fixed by it as bail after conviction and pending appeal therefrom.

The motion at bar raises these problems of law: (1) whether relator has met the burden of proving an abuse of discretion on the part of the Ninth Circuit Court of Appeals granting him the bail he now seeks to reduce; (2) the power of this court to consider the instant application when relief has not yet been sought or exhausted by way of application for a writ of certiorari to the Supreme Court; and (3) the power of this court to entertain the present application (even assuming a writ of certiorari had been applied for) in light of the fact that similar relief has been denied by the trial judge, by the appellate court of review which granted bail, pending appeal, and by the Chief Justice of the United States.

■ First, as to the purported abuse of discretion by the Ninth Circuit Court of Appeals in fixing bail at $75,000.: In Spector v. United States, 1952, 193 F.2d 1002, at page 1004, the Ninth Circuit Court of Appeals read the decision in Stack v. Boyle, 1951, 342 U.S. 1, 72 S.Ct. 1, 96 L.Ed. 3, to require that, in similar Smith Act cases, bail should not be higher than that normally fixed for offenses carrying like penalties "in the absence of showing of special circumstances requiring larger bail." The Ninth Circuit Court of Appeals, 193 F.2d at page 1004, quoted the following from the Supreme Court's opinion in Stack v. Boyle, 1951, 342 U.S. 1, at pages 5–6, 72 S.Ct. at pages 3–4:

> " 'It is not denied that bail for each petitioner has been fixed in a sum much higher than that usually imposed for offenses with like penalties and yet there has been no factual showing to justify such action in this case. The Government asks the courts *to depart from the norm* by assuming, *without the introduction of evidence,* that each petitioner is a pawn in a conspiracy and will, in obedience to a superior, flee the jurisdiction. To infer from the fact of indictment alone a need for bail in an unusually high amount is an arbitrary act.' [Emphasis supplied.]"

To meet the burden imposed by the Supreme Court, the prosecution in the Spector case had introduced evidence showing only "the connection of nine of them [the defendants] with some organization called Communist." Spector v. United States, supra, 193 F.2d at pages 1004–1005. In the absence of any other showing of special circumstances, the Ninth Circuit Court of Appeals reached the conclusion that bail had been set excessively. That court pointed to the fact that defendants indicted for similar offenses had not fled prior to trial; to the lack of evidence indicating that defend-

ants would flee prior to trial; and to the absence of proof of any prior sustained conviction of the defendants.

On the basis of the record in the instant case, this court cannot say, as a matter of law, that bail has been set excessively. Relator has been convicted of the crimes of harboring and conspiring to harbor a codefendant indicted on a similar offense. While it is true that this conviction is currently being appealed, it cannot be overlooked that the amount of bail being appealed from as excessive was set by the appellate court before which the conviction is being appealed; and that in granting bail pending appeal that same appellate court had reversed the trial judge on the question of bail.

Relator herein has not offered the quantum of evidence indicated in Fed. Rules Crim.Proc. rule 46(c), 18 U.S.C.A., which was offered in the Spector case to sustain the right of defendant in that case to a reduction of bail pending trial.

Moreover, the Ninth Circuit Court of Appeals in the Spector case, 193 F.2d at page 1007, drew a distinction between flight before trial and flight pending appeal. That court was of the opinion that the fact that similar defendants had previously fled *pending appeal* did not have probative value in a situation where defendants sought a reduction of bail *pending trial*. Indeed, the court in the Spector case, 193 F.2d at page 1007 observed that there is a greater likelihood of flight after conviction and pending appeal than before trial:

"The situation of persons bailed after trial is unlike that of those on bail awaiting trial. There is always the hope of acquittal at the approaching trial. To flee before trial means being an outcast fugitive always in hiding."

In the case at bar we are concerned with bail after conviction and pending appeal. The other facts before this court are also sharply distinguishable from those in the Spector case. Relator here-in fled the jurisdiction of this court immediately after his indictment. He was not apprehended for over two years. After having been located, he was convicted of harboring and of conspiring to harbor a fellow-fugitive. With such significant facts in mind, this court cannot presume to declare that bail pending appeal herein has been fixed arbitrarily in an unreasonable amount.

█ Secondly, Stack v. Boyle, 1951, 342 U.S. 1, 72 S.Ct. 1, 96 L.Ed. 3, is controlling as to the proper procedure that should have been followed by relator. In that case, petitioners, after their motion to reduce pre-trial bail had been denied by the district court, failed to appeal that determination. Instead, they applied to the same district court for a writ of habeas corpus. This was denied; and the Ninth Circuit Court of Appeals affirmed the denial of the application for a writ of habeas corpus. The Supreme Court said 342 U.S. at pages 6–7, 72 S.Ct. at page 4, that petitioners should have appealed to the Circuit Court of Appeals from the district court's denial of their motion to reduce bail, inasmuch as the district court's order denying the motion to reduce bail was appealable as a "final decision" under 28 U.S.C. § 1291 (Supp. IV). The Supreme Court also declared, 342 U.S. at pages 6–7, 72 S.Ct. at page 4, that, "While habeas corpus is an appropriate remedy for one held in custody in violation of the Constitution," relief in a "collateral habeas corpus action" should be withheld "where an adequate remedy available in the criminal proceeding has not been exhausted."

In the present case, relator did move for a reduction of bail pending appeal before the Ninth Circuit Court of Appeals. His application was denied. However, relator has not applied to the Supreme Court for a writ of certiorari to review that decision of the Ninth Circuit Court of Appeals. Instead of exhausting his remedy in the criminal proceeding, he has commenced this collateral habeas corpus action. Such procedure

254

flies in the face of the rule prescribed by the Supreme Court.

 Thirdly, this court must defer to the judgment of the United States District Court for the Northern District of California; the Ninth Circuit Court of Appeals; and Chief Justice Warren, of the Supreme Court. They have decided that $75,000 bail pending appeal is reasonable.

Our deference is more than a matter of judicial protocol. For this court to grant the application at bar would encourage shopping around for bail and would promote chaos in judicial administration.

The petition is denied.