## STACK ET AL. *v.* BOYLE, UNITED STATES MARSHAL.

No. 400.  Argued October 18, 1951.—Decided November 5, 1951.

2

*Benjamin Margolis* and *A. L. Wirin* argued the cause for petitioners. With them on the brief was *Sam Rosenwein.*

*Solicitor General Perlman* argued the cause for respondent. With him on the brief were *Assistant Attorney General McInerney, Robert L. Stern, Robert W. Ginnane* and *Robert S. Erdahl.*

MR. CHIEF JUSTICE VINSON delivered the opinion of the Court.

Indictments have been returned in the Southern District of California charging the twelve petitioners with conspiring to violate the Smith Act, 18 U. S. C. (Supp. IV) §§ 371, 2385. Upon their arrest, bail was fixed for each petitioner in the widely varying amounts of $2,500, $7,500, $75,000 and $100,000. On motion of petitioner Schneiderman following arrest in the Southern District of New York, his bail was reduced to $50,000 before his removal to California. On motion of the Government to increase bail in the case of other petitioners, and after several intermediate procedural steps not material to the issues presented here, bail was fixed in the District Court for the Southern District of California in the uniform amount of $50,000 for each petitioner.

Petitioners moved to reduce bail on the ground that bail as fixed was excessive under the Eighth Amendment.[1] In support of their motion, petitioners submitted statements as to their financial resources, family relationships, health, prior criminal records, and other information. The only evidence offered by the Government was a certified record showing that four persons previously convicted under the Smith Act in the Southern District of New York had forfeited bail. No evidence was produced relating those four persons to the petitioners in this case. At a hearing on the motion, petitioners were examined by the District Judge and cross-examined by an attorney for the Government. Petitioners' factual statements stand uncontroverted.

After their motion to reduce bail was denied, petitioners filed applications for habeas corpus in the same

---

[1] "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U. S. Const., Amend. VIII.

District Court. Upon consideration of the record on the motion to reduce bail, the writs were denied. The Court of Appeals for the Ninth Circuit affirmed. 192 F. 2d 56. Prior to filing their petition for certiorari in this Court, petitioners filed with MR. JUSTICE DOUGLAS an application for bail and an alternative application for habeas corpus seeking interim relief. Both applications were referred to the Court and the matter was set down for argument on specific questions covering the issues raised by this case.

Relief in this type of case must be speedy if it is to be effective. The petition for certiorari and the full record are now before the Court and, since the questions presented by the petition have been fully briefed and argued, we consider it appropriate to dispose of the petition for certiorari at this time. Accordingly, the petition for certiorari is granted for review of questions important to the administration of criminal justice.[2]

*First.* From the passage of the Judiciary Act of 1789, 1 Stat. 73, 91, to the present Federal Rules of Criminal Procedure, Rule 46 (a)(1), federal law has unequivocally provided that a person arrested for a non-capital offense *shall* be admitted to bail. This traditional right to freedom before conviction permits the unhampered preparation of a defense, and serves to prevent the infliction of punishment prior to conviction. See *Hudson* v. *Parker,* 156 U. S. 277, 285 (1895). Unless this right to bail before trial is preserved, the presumption of innocence, secured only after centuries of struggle, would lose its meaning.

The right to release before trial is conditioned upon the accused's giving adequate assurance that he will stand trial and submit to sentence if found guilty. *Ex*

---

[2] In view of our action in granting and making final disposition of the petition for certiorari, we have no occasion to determine the power of a single Justice or Circuit Justice to fix bail pending disposition of a petition for certiorari in a case of this kind.

*parte Milburn,* 9 Pet. 704, 710 (1835). Like the ancient practice of securing the oaths of responsible persons to stand as sureties for the accused, the modern practice of requiring a bail bond or the deposit of a sum of money subject to forfeiture serves as additional assurance of the presence of an accused. Bail set at a figure higher than an amount reasonably calculated to fulfill this purpose is "excessive" under the Eighth Amendment. See *United States* v. *Motlow,* 10 F. 2d 657 (1926, opinion by Mr. Justice Butler as Circuit Justice of the Seventh Circuit).

Since the function of bail is limited, the fixing of bail for any individual defendant must be based upon standards relevant to the purpose of assuring the presence of that defendant. The traditional standards as expressed in the Federal Rules of Criminal Procedure[3] are to be applied in each case to each defendant. In this case petitioners are charged with offenses under the Smith Act and, if found guilty, their convictions are subject to review with the scrupulous care demanded by our Constitution. *Dennis* v. *United States,* 341 U. S. 494, 516 (1951). Upon final judgment of conviction, petitioners face imprisonment of not more than five years and a fine of not more than $10,000. It is not denied that bail for each petitioner has been fixed in a sum much higher than that usually imposed for offenses with like penalties and yet there has been no factual showing to justify such action in this case. The Government asks the courts to depart from the norm by assuming, without the introduction of evidence, that each petitioner is a pawn in

---

[3] Rule 46 (c). "AMOUNT. If the defendant is admitted to bail, the amount thereof shall be such as in the judgment of the commissioner or court or judge or justice will insure the presence of the defendant, having regard to the nature and circumstances of the offense charged, the weight of the evidence against him, the financial ability of the defendant to give bail and the character of the defendant."

6

a conspiracy and will, in obedience to a superior, flee the jurisdiction. To infer from the fact of indictment alone a need for bail in an unusually high amount is an arbitrary act. Such conduct would inject into our own system of government the very principles of totalitarianism which Congress was seeking to guard against in passing the statute under which petitioners have been indicted.

If bail in an amount greater than that usually fixed for serious charges of crimes is required in the case of any of the petitioners, that is a matter to which evidence should be directed in a hearing so that the constitutional rights of each petitioner may be preserved. In the absence of such a showing, we are of the opinion that the fixing of bail before trial in these cases cannot be squared with the statutory and constitutional standards for admission to bail.

*Second.* The proper procedure for challenging bail as unlawfully fixed is by motion for reduction of bail and appeal to the Court of Appeals from an order denying such motion. Petitioners' motion to reduce bail did not merely invoke the discretion of the District Court setting bail within a zone of reasonableness, but challenged the bail as violating statutory and constitutional standards. As there is no discretion to refuse to reduce excessive bail, the order denying the motion to reduce bail is appealable as a "final decision" of the District Court under 28 U. S. C. (Supp. IV) § 1291. *Cohen* v. *Beneficial Loan Corp.,* 337 U. S. 541, 545–547 (1949). In this case, however, petitioners did not take an appeal from the order of the District Court denying their motion for reduction of bail. Instead, they presented their claims under the Eighth Amendment in applications for writs of habeas corpus. While habeas corpus is an appropriate remedy for one held in custody in violation of the Constitution, 28 U. S. C. (Supp. IV) § 2241 (c) (3), the District Court should withhold relief in this collateral

habeas corpus action where an adequate remedy available in the criminal proceeding has not been exhausted. *Ex parte Royall,* 117 U. S. 241 (1886); *Johnson* v. *Hoy,* 227 U. S. 245 (1913).

The Court concludes that bail has not been fixed by proper methods in this case and that petitioners' remedy is by motion to reduce bail, with right of appeal to the Court of Appeals. Accordingly, the judgment of the Court of Appeals is vacated and the case is remanded to the District Court with directions to vacate its order denying petitioners' applications for writs of habeas corpus and to dismiss the applications without prejudice. Petitioners may move for reduction of bail in the criminal proceeding so that a hearing may be held for the purpose of fixing reasonable bail for each petitioner.

*It is so ordered.*

Mr. Justice Minton took no part in the consideration or decision of this case.

By Mr. Justice Jackson, whom Mr. Justice Frankfurter joins.

I think the principles governing allowance of bail have been misunderstood or too casually applied in these cases and that they should be returned to the Circuit Justice or the District Courts for reconsideration in the light of standards which it is our function to determine. We have heard the parties on only four specific questions relating to bail before conviction—two involving considerations of law and of fact which should determine the amount of bail, and two relating to the procedure for correcting any departure therefrom. I consider first the principles which govern release of accused persons upon bail pending their trial.

The practice of admission to bail, as it has evolved in Anglo-American law, is not a device for keeping persons

8

in jail upon mere accusation until it is found convenient to give them a trial. On the contrary, the spirit of the procedure is to enable them to stay out of jail until a trial has found them guilty. Without this conditional privilege, even those wrongly accused are punished by a period of imprisonment while awaiting trial and are handicapped in consulting counsel, searching for evidence and witnesses, and preparing a defense. To open a way of escape from this handicap and possible injustice, Congress commands allowance of bail for one under charge of any offense not punishable by death, Fed. Rules Crim. Proc., 46 (a) (1) providing: "A person arrested for an offense not punishable by death shall be admitted to bail . . ." before conviction.

Admission to bail always involves a risk that the accused will take flight. That is a calculated risk which the law takes as the price of our system of justice. We know that Congress anticipated that bail would enable some escapes, because it provided a procedure for dealing with them. Fed. Rules Crim. Proc., 46 (f).

In allowance of bail, the duty of the judge is to reduce the risk by fixing an amount reasonably calculated to hold the accused available for trial and its consequence. Fed. Rules Crim. Proc., 46 (c). But the judge is not free to make the sky the limit, because the Eighth Amendment to the Constitution says: "Excessive bail shall not be required . . . ."

Congress has reduced this generality in providing more precise standards, stating that ". . . the amount thereof shall be such as in the judgment of the commissioner or court or judge or justice will insure the presence of the defendant, having regard to the nature and circumstances of the offense charged, the weight of the evidence against him, the financial ability of the defendant to give bail and the character of the defendant." Fed. Rules Crim. Proc., 46 (c).

These statutory standards are not challenged as unconstitutional, rather the amounts of bail established for these petitioners are alleged to exceed these standards. We submitted no constitutional questions to argument by the parties, and it is our duty to avoid constitutional issues if possible. For me, the record is inadequate to say what amounts would be reasonable in any particular one of these cases and I regard it as not the function of this Court to do so. Furthermore, the whole Court agrees that the remedy pursued in the circumstances of this case is inappropriate to test the question and bring it here. But I do think there is a fair showing that these congressionally enacted standards have not been correctly applied.

It is complained that the District Court fixed a uniform blanket bail chiefly by consideration of the nature of the accusation and did not take into account the difference in circumstances between different defendants. If this occurred, it is a clear violation of Rule 46 (c). Each defendant stands before the bar of justice as an individual. Even on a conspiracy charge defendants do not lose their separateness or identity. While it might be possible that these defendants are identical in financial ability, character and relation to the charge—elements Congress has directed to be regarded in fixing bail—I think it violates the law of probabilities. Each accused is entitled to any benefits due to his good record, and misdeeds or a bad record should prejudice only those who are guilty of them. The question when application for bail is made relates to each one's trustworthiness to appear for trial and what security will supply reasonable assurance of his appearance.

Complaint further is made that the courts below have been unduly influenced by recommendations of very high bail made by the grand jury. It is not the function of the grand jury to fix bail, and its volunteered advice is not

governing. Since the grand jury is a secret body, ordinarily hearing no evidence but the prosecution's, attended by no counsel except the prosecuting attorneys, it is obvious that it is not in a position to make an impartial recommendation. Its suggestion may indicate that those who have heard the evidence for the prosecution regard it as strongly indicative that the accused may be guilty of the crime charged. It could not mean more than that without hearing the defense, and it adds nothing to the inference from the fact of indictment. Such recommendations are better left unmade, and if made should be given no weight.

But the protest charges, and the defect in the proceedings below appears to be, that, provoked by the flight of certain Communists after conviction, the Government demands and public opinion supports a use of the bail power to keep Communist defendants in jail before conviction. Thus, the amount is said to have been fixed not as a reasonable assurance of their presence at the trial, but also as an assurance they would remain in jail. There seems reason to believe that this may have been the spirit to which the courts below have yielded, and it is contrary to the whole policy and philosophy of bail. This is not to say that every defendant is entitled to such bail as he can provide, but he is entitled to an opportunity to make it in a reasonable amount. I think the whole matter should be reconsidered by the appropriate judges in the traditional spirit of bail procedure.

The other questions we have heard argued relate to the remedy appropriate when the standards for amount of bail are misapplied. Of course, procedural rights so vital cannot be without means of vindication. In view of the nature of the writ of habeas corpus, we should be reluctant to say that under no circumstances would it be appropriate. But that writ will best serve its purpose and be best protected from discrediting abuse if it

is reserved for cases in which no other procedure will present the issues to the courts. Its use as a substitute for appeals or as an optional alternative to other remedies is not to be encouraged. Habeas corpus is not, in the absence of extraordinary circumstances, the procedure to test reasonableness of bail.

We think that, properly limited and administered, the motion to reduce bail will afford a practical, simple, adequate and expeditious procedure. In view of prevailing confusions and conflicts in practice, this Court should define and limit the procedure with considerable precision, in the absence of which we may flood the courts with motions and appeals in bail cases.

The first fixing of bail, whether by a commissioner under Rule 5 (b), or upon removal under Rule 40 (a), Fed. Rules Crim. Proc., or by the court upon arraignment after indictment, 18 U. S. C. § 3141, is a serious exercise of judicial discretion. But often it must be done in haste—the defendant may be taken by surprise, counsel has just been engaged, or for other reasons the bail is fixed without that full inquiry and consideration which the matter deserves. Some procedure for reconsideration is a practical necessity, and the court's power over revocation or reduction is a continuing power which either party may invoke as changing circumstances may require. It is highly important that such preliminary matters as bail be disposed of with as much finality as possible in the District Court where the case is to be tried. It is close to the scene of the offense, most accessible to defendant, has opportunity to see and hear the defendant and the witnesses personally, and is likely to be best informed for sound exercise of discretion. Rarely will the original determination be disturbed, if carefully made, but if the accused moves to reduce or the Government to revoke bail, a more careful deliberation may then be made on the relevant evidence presented by the parties,

and if the defendant or the Government is aggrieved by a denial of the motion an appeal may be taken on the record as it then stands.

It is my conclusion that an order denying reduction of bail is to be regarded as a final decision which may be appealed to the Court of Appeals. But this is not because every claim of excessive bail raises a constitutional question. It is because we may properly hold appeal to be a statutory right. While only a sentence constitutes a final *judgment* in a criminal case, *Berman* v. *United States,* 302 U. S. 211, 212, it is a final *decision* that Congress has made reviewable. 28 U. S. C. § 1291. While a final judgment always is a final decision, there are instances in which a final decision is not a final judgment. The purpose of the finality requirement is to avoid piecemeal disposition of the basic controversy in a single case "where the result of review will be 'to halt in the orderly progress of a cause and consider incidentally a question which has happened to cross the path of such litigation . . . .'" *Cobbledick* v. *United States,* 309 U. S. 323, 326. But an order fixing bail can be reviewed without halting the main trial—its issues are entirely independent of the issues to be tried—and unless it can be reviewed before sentence, it never can be reviewed at all. The relation of an order fixing bail to final judgment in a criminal case is analogous to an order determining the right to security in a civil proceeding, *Cohen* v. *Beneficial Industrial Loan Corp.,* 337 U. S. 541, or other interlocutory orders reviewable under 28 U. S. C. § 1292. I would hold, therefore, that such orders are appealable.

I cannot agree, however, that an order determining what amount of bail is reasonable under the standards prescribed does not call for an exercise of discretion. The Court of Appeals is not required to reexamine every order complained of. They represent exercises of discretion, upon questions, usually, of fact. Trivial differences or

frivolous objections should be dismissed. The Appellate Court should only reverse for clear abuse of discretion or other mistake of law. And it ought to be noted that this Court will not exercise its certiorari power in individual cases except where they are typical of a problem so important and general as to deserve the attention of the supervisory power.

If we would follow this course of reasoning, I think in actual experience it would protect every right of the accused expeditiously and cheaply. At the same time, it would not open the floodgates to a multitude of trivial disputes abusive of the motion procedure.

Having found that the habeas corpus proceeding was properly dismissed by the District Court, in which its judgment was affirmed by the Court of Appeals, we should to that extent affirm. Having thus decided that the procedure taken in this case is not the proper one to bring the question of excessiveness of bail before the courts, there is a measure of inconsistency and departure from usual practice in our discussion of matters not before us. Certainly it would be inappropriate to say now that any particular amount as to any particular defendant is either reasonable or excessive. That concrete amount, in the light of each defendant's testimony and that of the Government, should be fixed by the appropriate judge or Justice upon evidence relevant to the standards prescribed. It is not appropriate for the Court as a whole to fix bail where the power has been given to individual judges and Justices to do so. But there is little in our books to help guide federal judges in bail practice, and the extraordinary and recurring nature of this particular problem seems to warrant a discussion of the merits in which we would not ordinarily engage.

It remains to answer our own question as to whether the power to grant bail is in the Court or in the Circuit

14

Justice. There is considerable confusion as to the source and extent of that power.

Fed. Rules Crim. Proc., 46 (a) (1), with respect to noncapital cases does not state who has power to grant bail before conviction—it simply directs that in such case bail "shall" be granted. For an answer to the "who" question it is necessary to turn to the Criminal Code.

18 U. S. C. A. § 3141, entitled "Power of courts and magistrates," provides:

> "Bail may be taken by any court, judge or magistrate authorized to arrest and commit offenders, but in capital cases bail may be taken only by a court of the United States having original or appellate jurisdiction in criminal cases or by a justice or judge thereof."

The power to arrest and commit offenders is contained in 18 U. S. C. A. § 3041, which states that:

> "For any offense against the United States, the offender may, by *any justice* or judge of the United States, . . . be arrested and imprisoned, or bailed, as the case may be, for trial before such court of the United States as by law has cognizance of the offense." (Italics added.)

The fact that this section specifically grants the power of arrest to "any justice . . . of the United States" supports the conclusion that Justices of this Court have the power of arrest, and, having that power under this section, they therefore also have power to grant bail under § 3141.

The Reviser's Notes to § 3141 disclose that it is the product of Rev. Stat. §§ 1015 and 1016, which were embodied verbatim in 18 U. S. C. (1940 ed.) §§ 596 and 597. The Reviser also states that, "Sections 596 and 597 of Title 18, U. S. C., 1940 ed., except as superseded by rule 46(a) (1) of the Federal Rules of Criminal Procedure *are consolidated and rewritten in this section without*

*change of meaning.* 80th Congress House Report No. 304." (Italics added.) Since no change of meaning was intended, the context of the old sections becomes pertinent.

Rev. Stat. § 1015 reads:

> "Bail shall be admitted upon all arrests in criminal cases where the offense is not punishable by death; and in such cases it may be taken by any of the persons authorized by the preceding section to arrest and imprison offenders."

"The preceding section," § 1014, is the predecessor of 18 U. S. C. A. § 3041, and reads the same as that section, namely:

> "For any *crime or* offense against the United States, the offender may, by any justice or judge of the United States, . . . be arrested and imprisoned, or bailed, as the case may be, for trial before such court of the United States as by law has cognizance of the offense. . . ." (Italicized words are those omitted in 18 U. S. C. A. § 3041.)

Going on in the Revised Statutes, § 1016 states that:

> "Bail may be admitted upon all arrests in criminal cases where the punishment may be death; but in such cases it shall be taken only by the Supreme Court or a circuit court, or by a justice of the Supreme Court, a circuit judge, or a judge of a district court, who shall exercise their discretion therein, having regard to the nature and circumstance of the offense, and of the evidence, and to the usages of law."

The evident tenor of §§ 1015 and 1016, taken together with § 1014, is that a Justice of this Court is one of many who can grant bail in a noncapital case but is one of a restricted class who can grant bail in a capital case.

16

Section 1016 appears to narrow the class included in § 1015.

To correlate the Revised Statutes with the present statutory scheme:

> 1. Rule 46 (a) (1), reading as follows, is taken from Rev. Stat. §§ 1015 and 1016 insofar as the latter govern who shall be admitted to bail and the considerations to be given the admission to bail of a capital case defendant.
>
>> Rule 46 (a) (1), "Bail before conviction":
>> "A person arrested for an offense not punishable by death shall be admitted to bail. A person arrested for an offense punishable by death may be admitted to bail by any court or judge authorized by law to do so in the exercise of discretion, giving due weight to the evidence and to the nature and circumstances of the offense."
>
> 2. 18 U. S. C. A. § 3041, governing power of arrest, is taken directly from Rev. Stat. § 1014.
>
> 3. 18 U. S. C. A. § 3141, setting out who may grant bail, is taken from Rev. Stat. §§ 1015 and 1016 insofar as the latter are apropos of that subject.

It thus appears that the scheme of the Revised Statutes has been taken over bodily into the present Code and Rules. The only change I perceive is that, under the Revised Statutes, there was no clear statutory authority for *a court* to grant bail in a noncapital case. Rev. Stat. § 1015 (and § 1014) applicable to such case speak only of individuals. 18 U. S. C. A. § 3141 confers the power on "any court, judge or magistrate authorized to arrest and commit offenders." The only reasonable construction of the latter is the obvious literal one, that is, that courts as well as the individuals empowered to arrest and com-

mit offenders by 18 U. S. C. A. § 3041 are authorized to grant bail. This is substantiated by the language of Fed. Rules Crim. Proc., 46 (c), "Amount [of bail]":

> "If the defendant is admitted to bail, the amount thereof shall be such as in the judgment of the commissioner *or court* or judge *or justice* will insure the presence of the defendant . . . ." (Italics added.)

That is the one difference between the Revised Statutes' scheme and the present—the power to grant bail in noncapital cases now clearly is vested in the courts as well as in individual judges and justices.

With the premise provided by the Revisor that the power to grant bail before conviction is the same now as under the Revised Statutes, the one exception being the extension to the courts just noted, the conclusion follows that bail can be granted by any court of the United States, including this Court, or by any judge of the United States, including the Justices of this Court.

The next problem is how Rule 45 of the Rules of this Court is to be assimilated with the foregoing. Only the first and fourth subsections of the Rule have any present pertinence. They read as follows:

> "1. Pending review of a decision refusing a writ of habeas corpus, the custody of the prisoner shall not be disturbed.

> "4. The initial order respecting the custody or enlargement of the prisoner pending review, as also any recognizance taken, shall be deemed to cover not only the review in the intermediate appellate court but also the further possible review in this court; and only where special reasons therefor are shown to this court will it disturb that order, or make any independent order in that regard."

The apparent conflict between the two subsections disappears when subsection 4 is viewed as a reservation of power in *this Court only,* not in an individual Justice of this Court, to issue an order in exceptional cases disturbing the custody of the prisoner. No other court and no individual judge or justice can disturb the custody of the prisoner. See *Carlson* v. *Landon,* 341 U. S. 918.

The next problem is the bearing, if any, of Fed. Rules Crim. Proc., 46 (a) (2), covering the right to bail "Upon Review." It reads:

> "Bail may be allowed pending appeal or certiorari only if it appears that the case involves a substantial question which should be determined by the appellate court. Bail may be allowed by the trial judge or by the appellate court or by any judge thereof or by the circuit justice. . . ."

Insofar as it might be applicable to petitioners' case, since they were seeking a review when they filed their petition for bail, it would not seem that it has any efficacy. They have not yet been tried for the offense for which they have been indicted, so that the much wider powers of bail conferred by the statutes governing bail before conviction are applicable. Rule 46 (a) (2) is only intended to apply where a review of a conviction on the merits is sought.

Turning back to the case at hand, and treating the application to MR. JUSTICE DOUGLAS for bail as one for bail pending review of a denial of habeas corpus, I think it clear that he does not have power to grant bail, but the full Court does have that power. However, since the Court sustains the denial of habeas corpus, treating the application for bail strictly as one pending review of the denial of habeas corpus, the problems it raises are actually moot. If the application to MR. JUSTICE DOUGLAS be treated as one made for fixing bail in the original case, it is my opinion that he has power to entertain it.