**Ramon MIRABAL CARRION et al.,
Defendants, Appellants,**

v.

**UNITED STATES of America,
Appellee.**

**No. 4990.**

United States Court of Appeals
First Circuit.

Sept. 9, 1955.

See also, D.C., 125 F.Supp. 819.

Ramon Humberto Vargas, Marcos A.
Ramirez, Manuel Cruz Horta, San Juan,
Puerto Rico, and Jose M. Ramos Bar-
roso, Bayamon, Puerto Rico, on the
brief, for appellants.

Ruben Rodriguez Antongiorgi, U. S.
Atty., San Juan, Puerto Rico, and Phil-
ip T. White, Atty., Department of Jus-
tice, Washington, D. C., on the brief, for
appellee.

Before MAGRUDER, Chief Judge,
and WOODBURY and HARTIGAN, Cir-
cuit Judges.

PER CURIAM.

These three appellants, with numerous
other persons, are awaiting trial in the
United States District Court for the Dis-
trict of Puerto Rico, under an indictment
charging conspiracy to commit various
offenses against the United States pro-
hibited by § 2 of the Smith Act, 54 Stat.
671, 18 U.S.C.A. § 2385.

Bail was originally fixed by the United
States Commissioner at $28,000 in the
case of Juan Santos Rivera, and at $25,-
000 in the cases of the other two appel-
lants herein. Upon motion for reduction
of bail, filed October 29, 1954, the Dis-
trict Court, after hearing, lowered the
amount of bail to $15,000 in the cases
of appellants Juan Santos Rivera and
Ramon Mirabal Carrion, and to $12,000
in the case of appellant Jorge W. May-
sonet Hernandez.

A motion for further reduction of bail
was filed November 19, 1954, which mo-
tion was denied by the Court, after hear-
ing, on November 23, 1954. No appeal
was taken from this order of denial,
though it was immediately appealable as
a "final decision", according to the rul-
ing in Stack v. Boyle, 1951, 342 U.S. 1, 6,
72 S.Ct. 1, 96 L.Ed. 3.

Subsequently, on March 17, 1955, a
new motion for further reduction of bail
was filed by these appellants. This mo-
tion the District Court denied on March
25, 1955, after hearing. Appellants have
taken this appeal from the said order of
denial.

We shall assume that the order of
March 25, 1955, is now appealable, not-
withstanding the failure of appellants
to take a timely appeal (or indeed any
appeal) from the earlier order of the
District Court on November 23, 1954, de-

·nying a similar motion for further reduction of bail. Cf. Ekberg v. United States, 1 Cir., 1948, 167 F.2d 380, 384.

From the record before us we are unable to conclude that the refusal of the District Court to make a second reduction of bail, below the amounts fixed in response to the motion of October 29, 1954, constituted an abuse of discretion. Nor are we satisfied that the District Court, in fixing bail at the amounts presently required, was guided to that determination by the application of any erroneous standard.

Accordingly, the order of the District Court is affirmed.