BONIFACIO SÁNCHEZ ÁLVAREZ, Petitioner, *v.* BALBINO GONZÁLEZ, ETC., Respondent.

No. 718. Argued September 7, 1955.—Decided December 13, 1955.

*Augusto Burgos Mundo*, Public Defender, for petitioner. *J. B. Fernández Badillo, Acting Attorney General,* and *Rafael L. Ydrach Yordán, Fiscal of the Supreme Court,* for respondent.

## JUDGMENT

San Juan, Puerto Rico, December 13, 1955

The petition and the marshal's return having been examined and the questions involved in this appeal having been considered, the petition is hereby granted and the immediate release of petitioner ordered until the trial is held.

It was so decreed and ordered by the Court as witness the signature of the Chief Justice. Mr. Justice Negrón Fernán-

dez delivered an opinion in which Mr. Chief Justice Snyder and Mr. Justice Sifre concur. Mr. Justice Pérez Pimentel concurred in the result. Mr. Justice Marrero and Mr. Justice Belaval dissented.

A. C. SNYDER
Chief Justice

I certify:

IGNACIO RIVERA
Secretary.

Opinion of Mr. Justice Negrón Fernández in which Mr. Chief Justice Snyder and Mr. Justice Sifre concur.

San Juan, Puerto Rico, December 13, 1955.

It is not an ephemeral conquest what our people achieved in proclaiming the Constitution of the Commonwealth of Puerto Rico on July 25, 1952, and including in its Bill of Rights this laconic message related to criminal justice: "Incarceration prior to trial shall not exceed six months . . . ."

Ours has been the first among the countries of America to incorporate into its fundamental law—in order to safeguard other rights of freedom of a superior category—an express limitation on the power of custody of the State. Such a right is invoked here by Bonifacio Sánchez Álvarez in requesting his release from jail by a writ of habeas corpus. The facts on which he bases his petition fully admitted by the defendant in his answer—are the following: Since January 16, 1955, the date on which he was arrested on a charge of grand larceny, Sánchez Álvarez has been confined—in default of bail—in the District Jail of San Juan. The trial was set for May 9, 1955, 3 months and 24 days after his incarceration. On this date the petitioner, through his counsel—the public defender—moved for a continuance of the trial which was ordered by the court. It was again set for June 14, 1955, that is, 4 months and 28 days after his incarceration. Sánchez Álvarez moved again for a continuance, which was also granted. The trial was set for the third time for August

22, 1955, that is, 7 months and 8 days after his incarceration. On this last occasion it was the prosecuting attorney who moved for and obtained the continuance of the trial. The defendant, relying on the above-quoted constitutional provision, asked at the time to be set free, but his motion was denied.

 In the present proceeding the petitioner contends that he should be released because he has been imprisoned pending trial for more than six months, and that the constitutional provision in question establishes in his favor an absolute right which cannot be waived.

The prosecuting attorney alleges that this right may be waived and that the petioner, because of his conduct in moving for and obtaining the continuance of the trial on two occasions, waived the right to be released pursuant to the said constitutional provision.

The issue raised makes it necessary to study the juridical scope of the provision, and to examine its sources.

The report of the Committee on the Bill of Rights of the Constitutional Convention contains the following single paragraph on this point:

"The provision limiting to six months incarceration prior to trial is new in our jurisdiction. Its purpose is to prevent the incarceration of a person for over six months without being tried. At present, this is possible by filing successive informations each time the 120-day statutory period expires."

In the course of the debates on said report, several delegates expressed their views as to the scope of the provision as follows:

"Mr. Alvarado: Mr. President, I object. This measure was drafted bearing in mind—as did my colleague Gelpí—the legislation in effect. The existing legislation grants the prosecuting attorney 60 days to file an information. And it then provides that trial shall be held within 120 days after the information is filed. In all, it establishes a term of 180 days from the time the defendant is arrested until he is tried, 180 days which are the six months that we have been discussing.

"That is the idea, the standard, the rule which we use. Now, please bear in mind, my colleague and all my other colleagues, that the term of two months is absolutely insufficient for the final disposition of a criminal case through a trial. If it were a single trial it would be easy, but the courts are overburdened with criminal prosecutions. This term that we are fixing is so very peremptory that if after six months the defendant has not been tried, the court has to set him free by way of habeas corpus immediately after the six months have elapsed. If we reduce it to two months, I say that it would be absolutely impossible for this State, for this government, to attend to all criminal prosecutions and dispose of them within 60 days after the commission of the crime.

"Mr. Rivera Colón: May I ask a question? Is this the provision for incarceration prior to trial?

"Mr. Alvarado: Prior to trial, before the case is submitted to trial. It is not that it has to be, but that it can not be, more than six months. After six months and one day the man is set free by way of habeas corpus. It can be after two (2) months, it can be after two days, or after three days, but it can not be after six months.

"Mr. Rivera Colón: It cannot be after six months?

"Mr. Alvarado: The trial must be held within the six-month period. If the case is not tried within six months, the man is set free. Now, if we reduce it to two months I guarantee that the machinery of our government [which] has multiplied its efficiency ten times could [not] adequately meet the situation and decide all the criminal cases in two months with the corresponding trial. The six-month term is wise, it is reasonable, it is correlative with the present legislation and it is workable. The other term would be absurd and we would be constantly setting free people who could not be reasonably submitted to trial within the period of six months . . . .

"Mr. Reyes Delgado: . . . What we have to keep in mind is whether this provision will substantially improve a defendant's situation in any way. And if it does, will the administration of justice be in any way jeopardized? No. Can a shorter term be granted without jeopardizing the administration of criminal justice? No. The Legislature has already fixed by law certain terms which are considered reasonable for prosecution; namely, two months for filing the information, four months after filing the information, that is, 120 days, for commencing trial. If

within those six months the accused is not tried, the prosecuting attorney moves for dismissal, especially in case of a felony, and he again proceeds to arrest the individual and confine him, and he can hold him for another six months, awaiting trial.

"And that is the aim we pursue with this provision: that the prosecution make use of these six months provided by local legislation in order to gear the machinery of the government to an efficient administration of criminal justice. But it should not happen that, because of failure to enact such a provision, an attempt be made to circumvent a piece of legislation which has been deemed sufficient to prosecute and convict a defendant. I believe that if it were reduced to less than six months we would be jeopardizing the entire principle and impairing the administration of justice . . . .

"Mr. González Blanes: . . . One thing is the six months granted, sixty days for filing the information and 120 days within which defendant must be tried; and another is the incarceration prior to trial. What this provision seeks to prevent is the detention of an individual prior to trial for an [un]limited period as very often happens in the courts. And it does not refer to the prosecuting attorney's obligation to file the information within the 60-day term nor to defendant's right to be tried within 120 days, under the Code of Criminal Procedure . . . ."

Mr. Alvarado again: "The text merely provides that if six months after his arrest defendant has not been tried, he must be set free. However, the prosecution continues because we are not intending to regulate it with this provision . . . .

"Mr. Benítez, Chairman of the Committee on the Bill of Rights: . . . It was precisely made clear, Mr. Soto, by using the term 'prior to trial,' that its purpose was to make it plain that the protection sought to be established here was on behalf of the person who had not yet been tried, and who, without having been tried, was often kept in jail for over six months because he had been unable to furnish bond or because he was awaiting trial. Then its purpose was to correct this particular situation where no trial has been held.

"This means that in cases where there has been no trial a person can not be confined in jail for more than six months. On the last day of the last month of the six-month period he is set free but that does not bar a subsequent trial; he is then tried as if he were on bail without actually being so . . . ."

The history of the provision does not show, in its full extension, its real scope. However, the conclusion is inescapable that this provision sought to guarantee the citizen against possible excess of authority and to prevent the actual restriction of liberty—where there has been probable cause for arrest—from actually becoming an infliction of punishment prior to conviction. The Constitutional Convention considered the term of six months reasonably sufficient for the State to comply with its duty of holding trial for those defendants who, because they had been unable to furnish bond, remained under arrest awaiting trial. Although the terms of the legislation in force—60 days after the arrest of the defendant for the prosecuting attorney to file an information and 120 days for holding trial after the information is filed—served as a guide to fix the term of six months in the provision at issue, the latter was not included in the Bill of Rights as part of the guarantee of a speedy trial—which in a separate provision is granted to the defendant—but as a guaranty that if no trial is held within six months after arrest, the State will not thereafter restrict the personal liberty of a defendant who has not furnished bond. That provision is a limitation on the State's power of custody, and its application does not entail the exoneration of the defendant from the offenses with which he is charged. Although this provision was approved in the light of the term of 120 days which was established in the legislation in force as a means to implement the right to a speedy trial, the provision does not assimilate that right, in its purpose, and the enjoyment of its guarantee can not be made to depend on the legal consequences of which the former provision is susceptible.

The purpose of the Constitutional Convention was clear that, if by the end of six months of confinement awaiting trial—in default of bail—the defendant had not been tried, he would be set free, but that the action against him would continue its course irrespective of his release. The Conven-

tion had in mind, in fixing that term, that "the courts are overburdened with criminal prosecutions." In that sense, its intention was clear that even where there might exist good cause for not holding the trial within the statutory term,[1] the State was not free to protract his imprisonment pending trial for a term exceeding six months nor to prevent defendant's release after the expiration of said term, notwithstanding the fact that for the purpose of a speedy trial, in its statutory sense, said good cause might prevent the dismissal of the prosecution.

The problem here is whether the motions for continuance of the trial filed by the defendant on two occasions before the six-month period had elapsed are tantamount, as urged by the prosecuting attorney, to a waiver, not of the right to a speedy trial, but rather of the right to be set free upon expiration of that period without a trial having been held. We believe that defendant's motions do not have the juridical consequences attributed to them by the prosecuting attorney. The right invoked in this case, which is sanctioned .in the constitutional clause in question, can not be waived; nor is it absolute. We shall explain.

In all criminal prosecutions every accused shall "enjoy the right ... to be presumed innocent," "before conviction ... to be admitted to bail," and that the bail not be excessive. Art. II, § 11, Constitution of the Commonwealth of Puerto Rico. The right to provisional liberty under bail, the right that such bail not be excessive, and the right to be set free after six months of imprisonment in default of bail while awaiting trial, are correlative rights, all of which are aimed at safe-

---

[1] Section 448 of the Code of Criminal Procedure:

"The court, unless good cause to the contrary is shown, shall order the prosecution to be dismissed in the following cases:

"1. Where a person has been held to answer for a public offense, if an information is not filed against him within sixty days thereafter;

"2. If a defendant, whose trial has not been postponed upon his application, is not brought to trial within one hundred and twenty days after the filing of the information."

guarding the superior right—immutable also as a constitutional guarantee—of the presumption of innocence. The provisions bearing on provisional release on bail and excessive bails do not emerge as an act of grace of the State: their existence is coextensive with the need of implementing the fundamental right of the presumption of innocence, without impairing the protection due society by the State, in a valid and reasonable exercise of its police power. "This traditional right to freedom before conviction," the United States Supreme Court has said, "permits the unhampered preparation of a defense, and serves to prevent the infliction of punishment prior to conviction. [Citation omitted.] Unless this right to bail before trial is preserved, the presumption of innocence, secured only after centuries of struggle, would lose its meaning." *Stack* v. *Boyle*, 342 U. S. 1, 96 L. Ed. 7.

It was undoubtedly inspired by the interest of fundamental public policy that the Constitutional Convention provided that incarceration prior to trial should not exceed six months. The Convention obviously believed that a longer period of incarceration awaiting trial,[2] in default of bail, was a burden on any citizen who, being presumed innocent prior to conviction, was deprived by the State—in the exercise of its power of custody—of the enjoyment of his personal freedom, for the sole purpose of securing his timely appearance at the trial. It chose to surrender the custody of an accused after the lapse of that period of time rather than to render vulnerable the integrity of his right to be presumed

---

[2] Under § 181 of the Code of Criminal Procedure, the trial of defendants in the States's custody has preference over trials of defendants released on bond. This section provides:

"The issues on the calendar must be disposed of in the following order, unless for good cause the court shall direct an action to be tried out of its order:

"1. Prosecutions for felony, when the defendant is in custody.

"2. Prosecutions for misdemeanor, when the defendant is in custody.

"3. Prosecutions for felony, when the defendant is on bail.

"4. Prosecutions for misdemeanor, when the defendant is on bail."

innocent—which is also sanctioned in the Constitution—if it left unlimited the exercise of that custodial power merely for the convenience of the State to have him available to appear in court.

The continuance of a trial on a defendant's motion—for good cause—interrupts the 120-day statutory period within which the trial must be held, and excludes the juridical consequences of the dismissal of the prosecution. The right of an accused to a continuance—whether he is on bail or held in custody—can not be measured in terms of waiver or sacrifice of his right to personal freedom after six months of incarceration, nor can the latter right be measured in terms of waiver or sacrifice his right to a continuance, if the latter is proper. Continuance of a trial requires the exercise of sound judicial discretion in order to protect the defendant's right to an impartial trial and his opportunities to defend himself. It is granted for considerations which do not affect the condition of freedom or custody of the accused, and its granting, which operates as a waiver only in the ambit of a speedy trial, can not defeat his right to provisional freedom without bail after six months in custody, nor can it be conditioned with a waiver of such right. No policy of good government would justify that the consequences arising from a waiver of the right to a speedy trial—in its legislative sense—[3] be extended to embrace a right which engenders, for paramount reasons of public policy, an immediate guarantee of freedom. The constitutional limitation on the right to restrict a citizen's freedom, though creative of a personal right, involves a norm of conduct which should be strictly observed by the State in the discharge of its public function, for its own credit and for its own dignity.

---

[3] The report of the Bill of Rights Committee contains this recommendation regarding the right to a speedy trial:

"The right to a speedy and public trial is guaranteed by the Sixth Amendment to the Constitution of the United States and § 2 of the Organic Act. We recommend the same general and flexible rule embodied in those constitutional precepts, reaffirming the principle, in order that the laws and the administration comply with it in its specific consequences."

Yet the right which stems from this provision is not absolute. It is a right which matures normally by the mere lapse of time, and hence no illegal act or fraud on the part of an accused—in his attempts to prevent the State from bringing him to trial—would protect its unconditional exercise. That right, which can not be waived, can not be snatched away, and where the attendant circumstances are such as the ones pointed out herein, it would be impossible for the accused to assert it unless the State, being in a position of promptly discharging its duty by submitting him to trial, fails to do so.

In view of the surrounding circumstances, Bonifacio Sánchez Álvarez has the right to provisional freedom, by reason of the lapse of the term fixed by the constitutional provision invoked, up to the time of his trial.

The writ will be issued accordingly.