Paul David KINNEY, a minor child, by and through his natural parents and next friends, William Kinney and Pauline Kinney, and all other persons similarly situated, Appellants,

v.

Harlow F. LENON, in his capacity as Judge of the Circuit Court of the State of Oregon for the County of Multnomah, and All Persons similarly situated holding office as Judges of the Circuit Court of the State of Oregon for the County of Multnomah, and Albert B. Green in his capacity as Director of the Department of Judicial Administration of Multnomah County, Oregon, and in his capacity as Acting Director of the Juvenile Detention Home for the County of Multnomah, State of Oregon, and Richard Knapp, in his capacity as a Referee of Juvenile Court for the County of Multnomah, State of Oregon, Appellees.

No. 25522.

United States Court of Appeals, Ninth Circuit.

April 21, 1970.

John H. Clough, Portland, Or., for appellants.

Elizabeth Preston, Deputy Dist. Atty., George A. Van Hoomisslen, Dist. Atty., Multnomah County, Portland, Or., for appellees.

Before WRIGHT and TRASK, Circuit Judges.

EUGENE A. WRIGHT, Circuit Judge.

Appellant is a minor child of seventeen years now detained in the Juvenile Detention Home in Multnomah County, Oregon, pending trial in Juvenile Court on charges arising out of a schoolyard fight.

Appellant alleges that there were many potential witnesses to the fight, that he cannot identify them by name but would recognize them by sight, that appellant's attorneys are white though he and the potential witnesses are black, that his attorneys would consequently have great practical difficulty in interviewing and lining up the witnesses, and that appellant is the sole person who can do so. His request to be released into the custody of his parents was denied by the Juvenile Court. Relief was sought and denied in the United States District Court for the District of Oregon, and application for an order restraining appellant's continued detention has been made to this court.

■ We do not need to decide in this case, as appellant urges us to do, the constitutionality of Ore.Rev.Stat. § 419.-583, which prohibits the granting of bail in juvenile cases, though the question is not insubstantial. Trimble v. Stone, 187 F.Supp. 483 (D.D.C.1960); cf. In re Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967). Nor need we delimit the circumstances under which a statutory provision that juveniles be released in the custody of their parents may be a constitutionally adequate substitute for bail. Fulwood v. Stone, 129 U.S.App. D.C. 314, 394 F.2d 939 (1967); Baldwin v. Lewis, 300 F.Supp. 1220 (D.Wis.1969). For appellant here was granted release neither on bond nor into the custody of his parents. And we are of the opinion that, in the peculiar circumstances of this case, failure to permit appellant's release for the purpose of aiding the preparation of his defense unconstitutionally interfered with his due-process right to a fair trial.

■ The ability of an accused to prepare his defense by lining up witnesses is fundamental, in our adversary system, to his chances of obtaining a fair trial. Recognition of this fact of course underlies the bail system. Stack v. Boyle, 342 U.S. 1, 4, 72 S.Ct. 1, 96 L.Ed. 3 (1951). But it is equally implicit in the requirements that trial occur near in time, Klopfer v. North Carolina, 386 U.S. 213, 87 S.Ct. 988, 18 L.Ed.2d 1 (1967), and place (U.S.Const. Amend. VI) to the offense, and that the accused have compulsory process to obtain witnesses in his behalf. Washington v. Texas, 388 U.S. 14, 87 S.Ct. 1920, 18 L.Ed.2d 1019 (1967). Indeed, compulsory process as a practical matter would be of little value without an opportunity to contact and screen potential witnesses before trial.

This is not a case where release from detention is sought simply for the convenience of the appellant. There is here a strong showing that the appellant is the only person who can effectively prepare his own defense. We may take notice, as judges and lawyers, of the difficulties often encountered, even by able and conscientious counsel, in overcoming the apathy and reluctance of potential witnesses to testify. It would require blindness to social reality not to understand that these difficulties may be exacerbated by the barriers of age and race. Yet the alternative to some sort of release for appellant is to cast the entire burden of assembling witnesses onto his attorneys, with almost certain prejudice to appellant's case.

■ The appellee suggests that appellant is properly detained in view of what are claimed to be previous instances of harassment of the state's witnesses. But the Juvenile Court is not without power to take appropriate measures to prevent any such misconduct, and our order so provides. Cf. 18 U.S.C. § 3146 (a).

### ORDER

Appellants' motion for temporary restraining order and release from custody has been considered and it is

Ordered that defendants be directed forthwith to release appellant minor to the custody of his parents if they are suitable and available custodians; and otherwise to the custody of his counsel or other suitable person, and it is

Further ordered that such release be made upon appropriate conditions to permit appellant to aid his counsel in seeking witnesses to testify on his behalf, but protecting any such witnesses from harassment.