**William Chesterfield WALLS, Jr., Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 11238.**

District of Columbia Court of Appeals.

Sept. 9, 1976.

Richard Price, Bowie, Md., for appellant.

Earl J. Silbert, U.S. Atty., John A. Terry and Robert M. McNamara, Jr., Asst. U.S. Attys., Washington, D.C., for appellee.

Before REILLY, Chief Judge, NEBEKER, Associate Judge, and PAIR, Associate Judge, Retired, in chambers.

NEBEKER, Associate Judge:

Appellant seeks reversal of so much of a pretrial bail order as requires him to obtain full-time employment.[1] He was given

14. *Cf. American Federation of Government Employees v. Acree,* 155 U.S.App.D.C. 20, 23, 475 F.2d 1289, 1292 (1973).

1. The other conditions of release are that he submit to supervisory custody (D.C.Code 1973, § 23–1321(a)(1)); that he live at a specified

20 days to do so.[2] We grant the motion to dismiss.

The issue presented was framed at arraignment on charges of petit larceny (D.C. Code 1973, § 22–2202) and possession of implements of crime—narcotics paraphernalia—(D.C.Code 1973, § 22–3601), when the bail order was entered. As noted, appellant was released and given time to find employment. Since he was released there was no occasion to seek so-called "twenty-four hour review" of the conditions of release under D.C.Code 1973, § 23–1321(d).[3] It is the fact of appellant's release that prompts the government to seek dismissal of this appeal. It argues that our bail laws require detention before an appeal from pretrial release conditions can be taken. Indeed, § 23–1324, *supra,* provides for appeal by an accused only after detention has occurred.

The right to appeal from a pretrial bail order refusing to reduce bail resulted from the decision in *Stack v. Boyle,* 342 U.S. 1, 72 S.Ct. 1, 96 L.Ed. 3 (1951). It was held that the order denying reduction had sufficient attributes of finality to be appealable under 28 U.S.C. § 1291. *Stack v. Boyle, supra* at 6–7, 72 S.Ct. 1. It was also held that "[t]he proper procedure for challenging bail as unlawfully fixed is by motion for reduction of bail and appeal to the Court of Appeals". *Id.* at 6, 72 S.Ct. at 4. Thus, resort to habeas corpus was disapproved. The Bail Reform Act of 1966, 80 Stat. 214, 18 U.S.C. § 3146 *et seq.,* aside from deemphasizing use of money bond,

provided for appeal of bail orders. *See* 18 U.S.C. § 3147. D.C.Code 1973, §§ 23–1324(a) and (b), use substantially the same language as 18 U.S.C. § 3147. Both statutes provide for appeal only upon detention (part or full-time).[4] Both statutes worked one further modification on *Stack v. Boyle, supra,* in that a motion to reduce—now the 24-hour review provisions of 18 U.S.C. § 3146(d) and § 23–1321(d), *supra* —need not be resorted to when the original bail order was imposed by a judge of a court having original jurisdiction over the offense charged. Such is the case here.

▆ It follows, therefore, that no right of review by appeal existed from a mere order setting bail under *Stack v. Boyle, supra.* A motion to reduce was a prerequisite, as was detention. Our bail statutes have preserved the latter as a condition to the right of appeal from pretrial bail determinations and this appeal must, therefore, be dismissed.

▆ This is not to say that patently unreasonable or unlawful conditions of continued release (*e.g.,* to perform an act or engage in a course of conduct not reasonably related to insuring against flight or danger as a condition of continued release) would be unreviewable by this court. In that extraordinary situation, should one ever occur, relief would be available under the All Writs Act, 28 U.S.C. § 1651. Appellant argues wihout citation of authority that to require him to obtain full-time employment as a condition of continued re-

---

place and notify the Bail Agency within two days if he moves (D.C.Code 1973, § 23–1321 (a)(2)); that he report weekly by telephone to the Bail Agency, submit to narcotic testing and treatment if needed, and on release, report to the Bail Agency and to the Probation Office "for review of conditions" (D.C.Code 1973, § 23–1321(a)(5)).

2. The 20 days have elapsed, but we are not informed of the present status of appellant.

3. Under that provision written reasons are required if the trial court does not amend the bail order and bring about release of the ac-

cused. If appellant were taken into custody for failure to obtain employment, he could, after 24 hours, seek review of that condition. If he has not been confined, and has no job, presumably the trial court has extended the 20 days. *See* note 2, *supra.*

4. "Section 1324 preserves the right of appeal of defendants who are detained or who are required to return to custody after specified hours of release. The section is identical to the comparable provision of the Bail Reform Act except that it specifically adds the right to appeal from an order of detention." H.R. Rep. No. 907, 91st Cong., 2d Sess. 185 (1970).

lease violates the Thirteenth Amendment against slavery or involuntary servitude. The government characterizes the argument as "patently absurd." Surely, if enforcement of seamen's contracts is permitted (*Robertson v. Baldwin*, 165 U.S. 275, 282, 17 S.Ct. 326, 41 L.Ed. 715 (1897)), and one can be required to work without compensation for a reasonable time on public roads near his home (*Arver v. United States*, 245 U.S. 366, 390, 38 S.Ct. 159, 62 L.Ed. 349 (1918)), and return to work orders are permitted (*United States v. Petrillo*, 332 U.S. 1, 12–13, 67 S.Ct. 1538, 91 L.Ed. 1877 (1947)), then the instant requirement to obtain a full-time job is free of Thirteenth Amendment defects. If the contrary were true, employment could not be made a condition to continued parole or probation. Just as reasonable employment is conducive to lawful conduct in those instances, so is it in pretrial bail. Moreover, it cannot be seriously argued that employment is not directly related to insuring against flight and assuring court appearance. Accordingly, not even a hint of entitlement to extraordinary relief is present in this case.

The appeal is

*Dismissed.*