OPINION AND ORDER

FACTUAL AND PROCEDURAL

BACKGROUND[1]
This ease decides whether due process requires the trial court to release a defendant on recognizance rather than bail if the former is sufficient to assure the defendant’s presence at trial.

Statement of Facts

Petitioner Vernon C. Norris Sr., who resides on the Hopi reservation, was charged with assault and battery (Hopi Tribal Ordinance 21 section 3.3.4) after an altercation with his girlfriend on November 1, 1997. Brief for Petitioner (“Brief Joe /’.”) at 1.

Procedural History

A criminal complaint was filed on November 3., 1997. Brief for P. at 1. Although the court issued a criminal summons on November 3, 1997, the warrant was not served upon Norris until January 3, 1997. Brief for P. at 2. During the Jan. 5, 1997 arraignment, the tribal prosecutor requested that the court place two conditions of release upon Norris: 1) a bond of $1,500; and 2) and a condition that he would not harm, threaten, or otherwise harass the complainant. Brief for P. at 2. The trial court granted both requests. Id.
Norris could not post bail and was placed in custody of Hopi Tribal jail pending further court proceedings. Brief for P. at 3. Between January 5, 1998 and January. 7, 1998, Norris repeatedly asked the detention officers if he could use the telephone to contact a lawyer. Affidavit at 1. On January 7, 1998, a detention officer informed Norris that he could only use the telephone on Thursdays from 6.00 p.m. to 8.00 p.m. and on Sundays from 4.00 to 6 p.m. Id. On January 7, 1998, a detention officer transferred Norris to the Keams Canyon hospital. Norris, who was not supervised by any law enforcement officials, left the hospital. Affidavit at 2. From January 7 until January 21, Norris contacted several lawyers to discuss the possibility of legal representation. Id. After retaining an attorney, Norris turned himself in to the police on Jan. 22, 1998. Id.
During his arraignment on January 23, 1998, Norris, through counsel, entered pleas of not guilty to the charges of assault and battery, escape, (Hopi Ordinance 21 at section 3.3.25(A)) and theft, (Hopi Ordinance 21 at section 3.3.74). Norris also requested to be released on his own recognizance. Brief for P. at 3. The tribal prosecutor opposed this request on the grounds that the charges were serious in nature. Id. She also requested that the court continue the bond of $1,500 for the assault and battery charge, and impose an additional bond of $1,000 for the theft and *361 escape charges. Id. The court granted the prosecutor’s request and issued a formal bail bond order later that day. Id. The order stated that the Court found that “probable cause” existed to “ ‘believe that the defendant -Rail not return as ordered if released on own recognizance.’ ” Brief for P at 4. The court also cited the defendant’s alleged history of arrest warrants and noncompliance with court orders.
On February 10, 1998, Norris filed a motion to reconsider release on the ground that the trial court erroneously found that he had a “history” of arrest warrants. Brief for P. at 4. The response filed by the tribal prosecutor on Feb. 13, 1998 argued that the serious nature of the offenses and the “tribe’s belief’ that Norris represented a flight risk justified the continuation of the bonds. Id. On Feb. 17, 1998, the trial judge denied the motion to reconsider, and imposed a $2,500 bond to cover all offenses. Id. Norris, who earns his living through the sales of arts and crafts, could not post bail and remained in custody for nearly two months before his trial.
On March 4, 1998, Norris filed a petition for extraordinary writ of Habeas Corpus Relief with the Hopi Appellate Court, pursuant to Rule 35(b) of the Hopi Rules of Criminal and Civil Procedure. Norris argued that due process and Hopi Ordinance 21 prohibits the trial court from imposing bail as a condition of pre-trial release unless the prosecutor demonstrates that a monetary bond is necessary to assure the defendant’s presence at further court proceedings. On March 9, 1998, the Hopi Appellate Court issued a habeas order vacating the bond condition and directing the trial court to release Norris pending trial. This opinion discusses the rationale underlying that order.

SYNOPSIS

In this case, the trial court imposed a bond of $2,500 upon the defendant as a condition of his release pending trial on charges of assault and battery, theft and escape. Since the primary purpose of the Hopi bail system is to assure the presence of the accused at trial, due process and Ordinance 21 requires the court to consider whether a defendant poses a risk of flight when determining the appropriate method of pre-trial release. Any deprivation of the defendant’s liberty without a showing that the defendant will not appear at trial is inherently punitive and violates the Hopi notion of fairness. Before imposing any monetary condition of release, Ordinance 21 requires the trial court to evaluate factors which bear on the likelihood of flight, including trustworthiness of the defendant, his prior record of court appearances and the seriousness of the offense charged. Under the Hopi notion of due process, the trial court may not impose bail without a sufficient factual showing that a cash or surety bond is necessary to assure the defendant’s presence at trial.

DECISION OF THE COURT

I. Due Process and Ordinance 21 Prevents the Trial Court from Imposing Bail as a Condition of Pre-Trial Release Unless the Monetary Condition is Necessary to Assure the Defendant’s Presence at Trial.
Under Hopi law, the primary purpose of bail is to insure the presence of the accused at trial. See Hopi Tribal Ordinance (“H.T.O.”) 2.5.1.[2] All Indian defendants are bailable before conviction as a matter of right. H.T.O. 2.5.1. The judge will set bail upon the showing of probable *362 cause by the prosecutor or complainant. H.T.O. 2.5.4. The amount and form of bail will be fixed in the sum, which, in the judgment of the court, will assure the defendant’s presence at future court proceedings. H.T.O. 2.5.4. The court also has the discretion to release a defendant on his own recognizance at arraignment. H.T.O. 2.5.10.
The question of whether due process requires the court to impose a bail bond only if necessary to assure the defendant’s presence at trial presents an issue of first impression. Under the Indian Civil Rights Act, “[n]o Indian tribe in exercising the powers of self-government shall: ... deprive any person of liberty or property without due process of law.” 25 U.S.C. 1302(8). Under Hopi Resolution H 12-76, the Hopi courts retain discretion to apply the tribe’s interpretation of due process. Tribe v. Mahkewa, (1995).
Although the Hopi Tribe is not constrained by the due process guarantees in the United States Constitution, the courts have discretion to apply either federal or state standards to the extent that they are consistent with Hopi notions of fairness. Id. In order to provide the trial court with more explicit standards governing the due process limitations upon bail, it might be helpful to review federal and state law on the issue. See Tribe v. Ami, AP-003-89 (1996). Under the federal courts’ interpretation of due process,[3] a restriction upon a defendant’s liberty before trial must be regulatory, and not punitive. The courts have found that assuring the defendant’s presence at trial represents a legitimate and compelling regulatory interest sufficient to justify the deprivation of some amount of liberty. See Stack v. Boyle, 342 U.S. 1, 4, 72 S.Ct. 1, 96 L.Ed. 3 (1951). The practice of requiring admission to bail balances the individual’s liberty interest with the government’s interest in preventing the risk of flight. Id. Any restriction upon the defendant’s liberty which is greater than the amount necessary to provide reasonable assurance of appearance at trial is inherently punitive. Pugh v. Rainwater, 572 F.2d 1053, 1057 (5th Cir.1978).
The Hopi notion of due process encompasses the idea that bail should not *363 be punitive. Fundamental fairness requires the court to restrict an individual’s liberty interest before trial no greater than the extent necessary to advance the regulatory goals of the Hopi bail scheme. Because assuring the presence of the accused in court remains the central concern of the bail system, a trial judge should impose a bond as a condition of pre-trial release only after determining that the defendant is not likely to appear at trial.
In this case, the trial court did not determine the method of pre-trial release in a manner consistent with the Hopi standard of fundamental fairness. Although a $2,500 bail bond for three offenses does not appear to constitute an unreasonable or excessive amount of bail under H.T.O. 2.5.4,[4] the provision cannot be read in iso-lation from H.T.O. 2.5.2, which prorides that the trial court should set bail in an amount which will insure the defendant’s appearance at trial. In other words, the court may only impose bail if it finds that a monetary condition is necessary to provide assurance of the defendant’s return to court. Without such a showing, the imposition of any bond amount is punitive and represents an excessive response to the tribe’s asserted interest.
II. In Light of the Defendant’s Ties to the Community, Lark of a Criminal Record, and Financial Resources, the Trial Court Should Have Released Noms on Recognizance Because the Prosecutor’s Mere “belief’ that He Posed a Risk of Flight was not Sufficient to Justify the Imposition of a $2,500 Bond.
Ordinance 21 suggests that the trial . court consider the following factors to assess the risk of non-appearance when determining the appropriate method of pretrial release: 1) the nature and circumstances of the offense charged; 2) reputation of the accused; and 3) the previous criminal record of the accused. See H.T.O. 2.5.4.
Federal courts utilize a more expansive list to determine whether any conditions of release will assure the presence of the accused at trial. A judicial officer may evaluate: 1) the nature and seriousness of the charge; 2) the weight of the evidence against the accused; 3) history and characteristics of the person, including character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to alcohol and drug abuse, criminal history, and records relating to appearances at court proceedings. See 18 U.S.C. 3142(g).
For most non-capital offenses, both federal and state courts first consider release on recognizance or other non-financial conditions before requiring cash or surety bail. A presumption of release on recognizance favors any person charged with a bailable offense unless the judicial officer determines that such release will not assure the presence of the defendant at trial(or will not secure the safety of any member of the community). See 18 U.S.C. 3142(b).[5] Both federal and Arizona state courts must release a person accused of a bailable offense under the least restrictive conditions which will reasonably assure his *364 appearance at trial.[6] Monetary bail is imposed on the theory that it provides an incentive for the defendant to return to court. Pugh, 572 F.2d at 1069 (Clark, J., concurring). An individual who posts bail with his own money or property will lose the amount if he does not appear at trial. Id.
Absent a showing that a monetary restriction is necessary to prevent the risk of flight, a federal court “may not impose a financial condition that results in the pretrial detention of the person.” 18 U.S.C. 3142(c)(2).
In the present case, the defendant remained in custody for nearly two months prior to his trial because he could not afford to post the $2,500 bond imposed as a condition of his release. Although H.T.O. 2.5.2. provides that a defendant who cannot post bail may be committed until trial, this provision, construed in light of the overall purpose of the Hopi bail scheme, necessarily contemplates that the trial court first find that such a monetary condition is necessary to assure the defendant’s appearance at trial.
The trial court’s findings in this ease do not support the denial of the defendant’s request for release on recognizance. The facts evident on the record do not indicate that any monetary condition, much less a bond of $2,500, was necessary to assure the presence of Norris at subsequent court proceedings. Neither the trial court nor the prosecutor explained why the “serious” nature of the offense increased the likelihood that the defendant would not appear at trial. In fact, the circumstances of the underlying offense—an assault arising out of a domestic altercation between the defendant and his live in girlfriend—suggests that the risk of flight was minimal. It is unlikely that the defendant, who has strong ties to the community and limited financial resources, would leave the jurisdiction before trial.
Although Norris left the hospital after his original arraignment, his motive appears to have been to obtain legal counsel rather than to evade the law. In fact, he voluntarily turned himself into authorities two weeks later. Furthermore, while Norris had been arrested on prior occasions, he did not have a criminal record or a history of noncompliance with court orders at the time of his arraignment.
It appears that the court imposed a bond of $2,500 on the prosecutor’s mere “belief” that the defendant would not attend trial. Such a speculative assertion is not sufficient to justify such an onerous deprivation of the defendant’s liberty.

ORDER OF THE COURT

The petitioner’s motion for an extraordinary writ of habeas corpus is GRANTED. The bail bond order is VACATED and the defendant is ordered released pending trial.

. No evidentiary facts have been established. This factual background is taken from the Memorandum in Support of Petitioner's motion for an extraordinary writ of habeas corpus.

. Hopi Ordinance 21, Title II, ch. 5 governs bail. The relevant provisions provide:
2.5.1 BAIL—Defined. To set at liberty an Indian person arrested or imprisoned on security being taken for his appearance. His sureties shall be regarded as custodians of the principal’s person. This provision is *362 applicable only to offenses over which the Tribe has jurisdiction.
2.5.2 BAILABLE OFFENSES. All Indian defendants, as a matter of right, are bailable before conviction, by sufficient cash or surety bail bond, and after conviction if an appeal be pending. If bail is not met, the Indian defendant shall be committed until his case is heard.
2.5.4. BAIL SET; MAXIMUM AMOUNT. Bail shall be set by the judge upon the showing of probable cause by the prosecutor or complainant. Bail shall be fixed in such amount and in such form as, in the judgment of the Court, will insure the presence of the defendant in Court at the time of trial, having due regard for the nature and circumstances of the offense charged the character and reputation of the defendant and the previous criminal record of the defendant. In no case shall the bail exceed four times the maximum cash penalty for each offense for which the defendant has been charged.

. The Fifth Amendment provides that “no person .,. shall be deprived of life, liberty or property without due process of law.” Due process imposes substantive and procedural limitations upon government action. United States v. Salerno, 481 U.S. 739, 746, 107 S.Ct. 2095, 95 L.Ed.2d 697 (1987). Substantive due process prevents the government from "engaging in conduct which ‘shocks the conscience,' ” and from “interfering with rights ‘implicit in the concept of ordered liberty.' ” Salerno, 481 U.S. at 746, 107 S.Ct. 2095. (quoting Rochin v. California, 342 U.S. 165, 172, 72 S.Ct. 205, 96 L.Ed. 183 (1952), Palko v. Connecticut, 302 U.S. 319, 325-326, 58 S.Ct. 149, 82 L.Ed. 288 (1937)). Procedural due process ensures that a valid government restriction is fairly implemented and enforced. Id.

. The relevant provision states, “In no case shall the bail exceed four times the maximum cash penalty for each offense for which the defendant has been charged.” Under H.T.O. 3.2.4., the maximum cash penalty for all offenses is $5,000.

. Unlike federal and most state bail statutes, Ordinance 21 does not instruct the trial court *364 to consider danger to the community as a factor in determining the appropriate method of release. In addition, crimes of violence, serious drug offenses, and certain repeat offenders are not bailable as a matter of right under federal law. See 18 U.S.C. 3142(e). With the exception of capital cases and felonies, all criminal offenses in Arizona are bailable as a matter of right. See A.R.S. 13-3961 (1998).

. See 18 U.S.C. 3142(c)(1)(b). See also Rule 7.2.(a) of Ariz. R.Crim.P.