### State of Vermont v. Myron Lake, Sr.

[325 A.2d 1]

No. 177-74

Present: Barney, C.J., Smith, Keyser, Daley and Larrow, JJ.

Opinion Filed September 11, 1974

*Neil S. Moss,* State's Attorney, for the State.

*Robert Edward West,* Defender General, *Gregory A. Mc-Kenzie,* Deputy Defender General, and *David S. Putter,* Public Defender, for Defendant.

**Keyser, J.** The defendant, Myron Lake, Sr., is charged with the crime of unlawfully selling marijuana, a regulated drug, in violation of 18 V.S.A. § 4224(g), by an information issued by the State's Attorney of Bennington County and filed with the District Court of Vermont, Unit 1, Bennington Circuit. Defendant pleaded not guilty and the court fixed bail in the sum of $5,000 cash or sureties satisfactory to the court.

The defendant being unable to furnish bail, mittimus issued accordingly. Shortly thereafter counsel for the defendant, the Public Defender of the county, moved the court to reduce the amount of bail set in the case pursuant to 13 V.S.A. § 7554(d).

The court heard the motion and made Findings of Fact on the evidence introduced. Based on its findings the court ordered bail of $5,000 either in cash or sureties satisfactory to the court continued.

The defendant is here on appeal from the determination of the lower court as authorized by V.R.A.P. 9(a) and 13 V.S.A. § 7556(b) which provides in part as follows:

> Any order so appealed shall be affirmed if it is supported by the proceedings below. If the order is not supported, the court may remand the case for a further hearing, or may, with or without additional evidence, order the person released.

The defendant claims the evidence does not support the action of the court below.

The findings of the court below are as follows:

> 1. That the Defendant is charged with a very serious crime and is facing a maximum penalty of five (5) years in jail;

2. That the magnitude of the penalty might well induce the Defendant to flee the jurisdiction if a sufficiently large amount of bail was not required to be posted;

3. That a fifteen-year old boy became violently ill and was confined to the Putnam Memorial Hospital with a strong possibility that his illness was induced by drugs obtained from the Defendant.

4. That the Defendant's employment record is extremely poor and that he has been employed in about seven different jobs in the last year;

5. That he has made threats to kill those people responsible for his arrest;

6. That he will constitute a danger to the public if released;

7. It is, therefore, ordered that the bail in the sum of Five Thousand Dollars ($5,000.00) which was to be posted in either cash or sureties which would meet with the court's satisfaction was to be continued.

A person found guilty of a violation of 18 V.S.A. § 4224(g) is subject to imprisonment of not more than five years and fined not more than $10,000.00. This is a substantial penalty.

The defendant is 24 years old, married, and has an infant child. He was born in Bennington and has always lived there except for three months in Indiana. He served almost four years in the military police of the armed services and was honorably discharged in June, 1971. His father and his wife's parents live in the area. Defendant does not own a car and has no operator's license. He does not own any property or have any assets. When arrested defendant was employed in Bennington earning $102.00 net pay per week. The defendant has no criminal record.

Defendant testified that he made a statement to the effect that if the person responsible for his being charged with the offense against him was there at the time he probably would have hit him. But a police officer testified he overheard the defendant say that if given the chance he would kill the "SOB" who turned him in and that later the defendant said to his wife, "[D]on't worry I wouldn't use a gun I [sic] use my fists."

A juvenile, age 15, became violently sick and was taken to the hospital by the police. He was in the company of another boy age 17 and both allegedly participated in the purchase of marijuana for $57.00 from the defendant. The evidence indicates the illness of the juvenile resulted from the drugs so purchased.

The evidence also establishes that the police took marijuana in a plastic bag from these boys at the police station. A search of defendant's house by virtue of a warrant resulted in the discovery of 24 to 27 ounces of marijuana.

A review of the record displays character and strength of the evidence relating to defendant's guilt.

Not being an offense punishable by death, the defendant shall be released pending trial on his personal recognizance unless the judicial officer "determines in the exercise of his discretion that such a release will not reasonably assure the appearance of the person as required, or that the release of the person will constitute a danger to the public." 13 V.S.A. § 7554(a).

> In determining which conditions of release will reasonably assure appearance and will not constitute a danger to the public, the judicial officer shall, on the basis of available information, take into account the nature and circumstances of the offense charged, the weight of the evidence against the accused, the accused's family ties, employment, financial resources, character and mental condition, the length of his residence in the community, his record of convictions, and his record of appearance at court proceedings or of flight to avoid prosecution or failure to appear at court proceedings. 13 V.S.A. § 7554 (b).

The defendant has lived in Bennington a long time. The evidence does not point to any compelling reason for him not to remain there and respond to the complaint against him. It is apparent from Finding No. 2 that the lower court fixed the conditions of bail on a basis which it calculated would assure defendant's appearance at trial.

In *Stack* v. *Boyle*, 342 U.S. 1, 4, 96 L.Ed.3 (1951), Chief Justice Vinson noted:

> [T]he modern practice of requiring a bail bond or the deposit of a sum of money subject to forfeiture serves as . . . assurance of the presence of the accused [at trial]. Bail set at a figure higher than an amount reasonably calculated to fulfill this purpose is "excessive" under the Eighth Amendment.

The court found the defendant made a threat to kill the person responsible for his arrest and, if released, he would constitute a danger to the public. The threat was not made to the person himself or was any person intimidated by the defendant. Although the defendant had a supply of marijuana on hand at his house from which he sold some to the two minors involved without regard to the consequences, the facts and circumstances evident from the record do not support the conditions of bail imposed by the court below.

*Order fixing bail is remanded for further hearing and proceedings.*