Reversed and Remanded and Majority and Concurring Opinions filed June 1,
2004









Reversed and Remanded and Majority and Concurring Opinions filed June 1,
2004.

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-03-01421-CR

NO. 14-03-01423-CR

NO. 14-04-00194-CR

 

_______________

 

 

EX PARTE ROBERT DURST, PETITIONER

 

 

_________________________________________________________________

 

On Appeal from the
212th District Court

Galveston County,
Texas

Trial Court Cause
Nos. 01CR1900 & 01CR2007 & 04CR0323

_________________________________________________________________

 

M A J O R I T Y  
O P I N I O N

 

Robert Durst appeals three orders,
each denying an application for writ of habeas corpus, on the grounds that his
bail amounts are excessive and two of his indictments are contradictory and
double the bail amount.  We reverse and
remand.








Appellant was charged in three
indictments with the third degree felonies of jumping bail, failing to appear,[1]
and tampering with evidence.[2]  After bond was set in each case at one
billion dollars, appellant filed applications for writs of habeas corpus,
challenging the bond amounts.  The
applications were denied, and appellant=s appeals of those decisions have
been consolidated in this proceeding.

Appellant=s first three issues challenge the
bail amounts as violating the constitutional and statutory prohibitions against
excessive bail.[3]  The right to release before trial is
conditioned upon the accused=s giving adequate assurance that he will stand trial and
submit to sentence if convicted.  Stack
v. Boyle, 342 U.S. 1, 4 (1951).  Bail
set at an amount higher than reasonably calculated to fulfill this purpose is
excessive under the Eighth Amendment.  Id.  Factors relevant to this determination
include: the nature of the offense; the accused=s ability to make bail; the safety of
a victim and the community;[4]
and the appellant=s work record, family ties, length of residence, prior
criminal record, conformity with previous bond conditions, and other
outstanding bonds.  Ex parte Rubac,
611 S.W.2d 848, 849 (Tex. Crim. App. 1981). 
Bail set at an amount greater than is usually affixed for charges of
serious crimes must be supported by evidence in order to protect the
constitutional rights of the accused.  See
Stack, 342 U.S. at 6.

In this case, appellant is charged
with three non-violent offenses, each of which is punishable by up to ten years
imprisonment and a $10,000 fine.  See Tex. Pen. Code Ann. '' 12.34, 37.09(c), 38.10(f) (Vernon
2003).  In addition, it is undisputed
that appellant=s past conduct demonstrates a clear
flight risk and that his family possesses tremendous (but unspecified) wealth.








However, the State has not cited, and
we have not found, a decision in which bail has ever been set, let alone
upheld, at even one percent of any of the three amounts set in this case,
regardless of the underlying offense, wealth of the defendant, or any other
circumstance.[5]  Moreover, in addition to the monetary amounts
of bail (and other conditions imposed), each of the bond orders requires
appellant to: (1) surrender his passport; (2) not leave Galveston or Harris
Counties without prior written court approval; (3) appear weekly in the trial
court; and, most importantly, (4) be kept (at his own expense) under
twenty-four hour supervision by a licensed peace officer of the State.  Considering the unprecedented enormity of the
bail amounts and that any flight risk has been abundantly addressed by other
bond conditions, we can find no conceivable justification for bail amounts
remotely approaching the order of magnitude of those imposed in this case.  We therefore conclude that they are
unconstitutionally excessive and sustain appellant=s first three points of error.

Appellant=s fourth point of error contends that
the indictments charging two acts of bail jumping are contradictory and, in
effect, unlawfully double the amount of bail imposed.  However, because this issue was not
adequately brought before the trial court, it presents nothing for our review
in this appeal, and is overruled. 
Accordingly, we reverse the orders of the trial court, denying appellant=s applications for writ of habeas
corpus, and remand the case for further proceedings.[6]

 

/s/        Richard
H. Edelman

Justice

 

Judgment rendered and Majority and
Concurring Opinions filed June 1, 2004.

Panel consists of Justices Fowler,
Edelman, and Seymore.  (Fowler, J.,
concurring).

Publish C Tex.
R. App. P. 47.2(b).

 











[1]           See
Tex. Pen. Code Ann. ' 38.10(a), (f) (Vernon 2003).





[2]           See
id. ' 37.09(c), (d)(1).





[3]           See
U.S. Const. amend. VIII ; Tex. Const. art. I, ' 13; Tex. Code
Crim. Proc. Ann. art. 1.09 (Vernon 1977).





[4]           Tex. Code Crim. Proc. Ann. art. 17.15
(Vernon Supp. 2004).





[5]           See
Carlisle v. Landon, 73 S. Ct. 1179, 1182 (1953) (ARequirement of bail in an amount that staggers the
imagination is obviously a denial of bail. 
It is the unreasoned denial of bail that the Constitution condemns.@)





[6]           We
refrain from setting new bond amounts in order to afford the trial court and
parties flexibility in determining whether to present further evidence, modify
the non-monetary bond conditions, and the like.