**UNITED STATES of America, Plaintiff**

v.

**(1) Felipe LOPEZ–DE LA CRUZ, Defendant**

**No. CR. 06–063(PG).**

United States District Court,
D. Puerto Rico.

May 4, 2006.

Jorge L. Armenteros–Chervoni, San Juan, PR, or Felipe Lopez–De–La–Cruz (1), Defendant.

G. Andrew Massucco–LaTaif, United States Attorney's Office, Warren Vazquez, United States Attorney's Office, San Juan, PR, for USA, Plaintiff.

### ORDER SETTING CONDITIONS OF RELEASE

PEREZ–GIMENEZ, District Judge.

Before the Court is co-defendant Lopez-de la Cruz' motion for revocation of the magistrate judge's order of pretrial detention without bail pending trial. (Docket No. 75). For the reasons that follow, defendant's motion is **GRANTED**, and he is **ORDERED RELEASED PENDING TRIAL** subject to the conditions imposed below.

#### A. Background

On February 23, 2006, defendant was charged by way of indictment with one count of retaliating against an informant in violation of 18 U.S.C. § 1513(b)(2) and 2. (Docket No. 40). The charge arises from a series of events that transpired on January 18, 2006, when defendant, together with co-defendants Hiram Torres–Aviles and Efrain Santiago–Burgos allegedly beat and threatened to kill a DEA confidential informant after discovering he was wearing a wire during an alleged drug transaction. Lopez-de la Cruz had been previously charged with the same offense by way of a criminal complaint (Docket No. 11), after which Magistrate Judge Gustavo Gelpí held a joint preliminary and adversary detention hearing on January 24, 2006. The Magistrate found probable cause to believe defendant had violated 21 U.S.C. § 841(a)(1) and 846, and issued a detention order based solely on the defendant's participation and role in the alleged narcotics transaction. (Docket No. 39 at 73). The Magistrate did not find probable cause to believe co-defendant Lopez-de la Cruz had violated 18 U.S.C. § 1513(b)(2) and 2. A grand jury returned an indictment on February 23, 2006 only charging co-defendants with one count of assaulting and threatening a Drug Enforcement Administration confidential informant. (Docket No. 40). There are no drug-related charges currently pending against any of the co-defendants.

Defendant sought review of the magistrate judge's detention determination, for which purpose the Court held a *de novo* hearing on May 3, 2006. The parties submitted the matter to the Court both through live argument and by means of proffered evidence. Being fully apprised on the premises, and with the benefit of memoranda from defendant and the Government, the Court is ready to rule.

#### B. Legal Standard

A district court engages in *de novo* review of a contested magistrate's pretrial detention order. *United States v. Tortora*, 922 F.2d 880, 884, n. 4 (1st Cir. 1990). We begin with the now unremarkable proposition that the right of an accused to bail, while critically important, *Stack v. Boyle*, 342 U.S. 1, 4, 72 S.Ct. 1, 96 L.Ed. 3 (1951), is not absolute. The Bail Reform Act of 1984, 18 U.S.C. §§ 3141–3156, "transformed preexisting practice in very significant ways, providing among other things for the pretrial detention of persons charged with certain serious felonies on the ground of dangerousness-a ground theretofore not recognized." *Tortora*, 922 F.2d at 884.

The Act allows for pretrial detention after a hearing if a judicial officer "finds

that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). The statute authorizes the government to seek a detention hearing in cases that involve, *inter alia*, "a serious risk that [the defendant] will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness or juror." 18 U.S.C. § 3142(f)(2)(B). The Act also establishes a rebuttable presumption to the effect that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community" individuals charged with the offenses enumerated in § 3142(f)(1). 18 U.S.C. § 3142(e). This presumption, however, is only triggered once the judicial officer finds that the defendant falls within at least one of the categories enumerated in § 3142(e). In cases where the presumption of dangerousness is not triggered, the government bears the burden of proving by clear and convincing evidence "that no condition or combination of conditions will reasonably assure the safety of any other person and the community." 18 U.S.C. § 3142(e) and (f)(2).

The judicial officer charged with determining the appropriateness of detention under § 3142(e) is guided in his inquiry by the following statutorily enumerated factors: (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug; (2) the weight of the evidence against defendant; (3) the history and characteristics of the accused, including, *inter alia*, character, ties to the community, and past conduct; and (4) the nature and gravity of the danger posed by the person's release. 18 U.S.C. § 3142(g).

### C. *Discussion*

Defendant Lopez-de la Cruz stands accused of threatening to kill and beating a Drug Enforcement Agency ("DEA") confidential informant after finding that he was cooperating with authorities and wearing a recording device during a meeting with him and the other two co-defendants in this case. (Docket No. 40). During the preliminary and detention hearing presided by Magistrate Judge Gelpi, DEA task-force Special Agent Alexis Cosme–Gonzalez testified that on January 18, 2006, he and fellow DEA agents dispatched the confidential informant to complete a purchase of one-eighth (1/8) kilogram of cocaine from co-defendant Felipe Lopez-de la Cruz. (Docket No. 39 at 8). After co-defendant Lopez-de la Cruz allegedly informed the confidential informant that co-defendant Torres–Aviles would bring the eighth kilogram later, the informant met again with the agents, whereupon he was wired with recording equipment. (Docket No. 39 at 9). The informant was again dispatched, and was observed entering a cockfight arena located near co-defendant Lopez-de la Cruz's house. (*Id.*). Around thirty minutes later, law enforcement agents observed the confidential informant exiting the cockfight arena, and proceeded to pick him up at a previously agreed upon location. (*Id.*). When the informant entered agent Cosme–Gonzalez's vehicle, the agent noticed that the informant "had been assaulted," and the informant told him that he had been "beat up in the cockfight arena." (*Id.*). More specifically, the informant told the agents that, after being questioned about why he was "working for" federal law enforcement, "Hiram [Torres–Aviles] and Efrain [Santiago–Burgos] punched him in the face with their fists..." (*Id.* at 12–13).

The confidential informant did not implicate co-defendant Lopez-de la Cruz in the

beating or threats beyond his mere presence when the events allegedly transpired. What is more, Agent Cosme testified at the preliminary and detention hearing that, when co-defendants Torres–Aviles and Santiago–Burgos began beating the confidential informant, co-defendant Lopez-de la Cruz "informed them not to hit him anymore and to give him the money..." (*Id.* at 13). To the Magistrate's direct questions, Agent Cosme once again confirmed that "Mr. Lopez-de la Cruz at no time struck [the confidential informant]", and that he "ordered [the other co-defendants] to stop battering the confidential informant..." (*Id.* at 21–22). This testimony compelled the Magistrate Judge to find that there was no probable cause to believe co-defendant Lopez-de la Cruz had threatened and assaulted the confidential informant. (*Id.* at 32, 35).

■ It is well settled that the safety of the community can be reasonably assured without being absolutely guaranteed. *Tortora*, 922 F.2d at 884. Thus, "courts cannot demand more than an objectively reasonable assurance of community safety." *Id.* (internal citations omitted) (quoting *United States v. Orta*, 760 F.2d 887, 892 (8th Cir.1985)). It is equally axiomatic that detention determinations "must be made individually and, in the final analysis, must be based on the evidence which is before the court regarding the particular defendant." *Tortora*, 922 F.2d at 888. Contrary to the government's assertions, the presumptions set out in the Bail Reform Act do not apply in this case, as the defendant does not fall within any of the categories enumerated in § 3142(e). Consequently, the government carries the burden of proving by clear and convincing evidence "that no condition or combination of conditions will reasonably assure the safety of any other person and the community." 18 U.S.C. § 3142(e) and (f)(2).

■ Even though a grand jury has found probable cause to believe Mr. Lopez-de la Cruz guilty of a crime of violence [1], the evidence currently before the Court does not support a finding that no condition or combination of conditions would reasonably assure the safety of any other person and the community. At this juncture, the government's own witness, Agent Cosme, confirms that Lopez-de la Cruz did not assault or threaten the confidential informant, and in fact urged them to stop doing so. The government did not contest this evidence at the de novo hearing, resting instead on the flawed argument that the charged offense triggers the presumptions contained in the Bail Reform Act, and that the defendant had failed to rebut this presumption. (Docket No. 76 at 3–6). The government also pressed that Lopez-de la Cruz's participation in the alleged drug transaction tilted the scales in favor of detention. The indictment, however, does not contain any drug-related charges, and the Court cannot preventively detain a defendant based on offenses he has not even been charged with. The scant weight of the evidence presented at this juncture, together with co-defendant Lopez-de la Cruz's life-long ties to the Salinas community, his health condition, and negative drug use, demand that his motion for release pending trial (Docket No. 75) be **GRANTED**.

---

1. 18 U.S.C. § 3156(a)(4) defines the term "crime of violence" as:
   (A) an offense that has an element of the offense the use, attempted use, or threatened use of physical force against the person or property of another; or
   (B) any other offense that is a felony and that, by its nature, involves substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

### D. Conclusion

For the reasons set forth above, and having carefully pondered the proffers by defense and government, the pretrial reports, and all other pertinent information, the Court **ORDERS** that co-defendant Felipe Lopez-de la Cruz be **RELEASED PENDING TRIAL**, subject to the following conditions:

(1) The defendant shall not commit any offense in violation of federal, state or local law while on release in this case.

(2) The defendant shall advise the Court prior to any change in address.

(3) The defendant shall appear at all proceedings as required and shall surrender for service of any sentence imposed as directed.

### E. Release on Secure Bond

It is **FURTHER ORDERED** that the defendant be released provided that:

(4) He posts a bond in the amount of FIFTY THOUSAND DOLLARS ($50,-000) in cash or secured by property of his father or other relative, binding the defendant and sureties to pay the United States that sum in the event of a failure to appear as required or to surrender as directed for service of any sentence imposed.

### F. Other or Additional Conditions of Release

It is **FURTHER ORDERED** that the release of the defendant be subject to the additional conditions that follow:

(5) The defendant shall:

(a) be confined to, and reside at, the address of record. Defendant's home confinement will not include electronic monitoring or other location verification system.

(b) not associate with convicted felons and persons pending trial in this case and not permit their visits to his home.

(c) surrender any passport to the U.S. Pretrial Services Office, and shall obtain no new passport.

(d) avoid all contact with victims and potential witnesses, and have no contact whatsoever with the government's confidential informant in this case.

(e) report as directed to the U.S. Pretrial Services Office.

(f) undergo medical or psychiatric treatment as deemed necessary by the U.S. Pretrial Services Office or the Supervising Officer.

(g) refrain from possessing a firearm, destructive device, or other dangerous weapon.

(h) refrain from excessive use of alcohol, and any use of a narcotic drug and other controlled substances defined in 21 U.S.C. § 802 unless prescribed by a licensed medical practitioner.

(i) submit to any method of testing required by the U.S. Pretrial Services Office or the Supervising Officer for determining whether the defendant is using a prohibited substance.

(j) participate in a program of inpatient or outpatient substance abuse therapy and counseling.

(k) report as soon possible to the U.S. Pretrial Services Office or the Supervising Officer any contact with any law enforcement personnel, including, but not limited to, any arrest, questioning, or traffic stop.

(l) not enter any airport or pier, with the following exception:

(1) The Chief U.S. Pretrial Services Officer or his designee may authorize temporary changes of address and overseas travels to the mainland U.S. only, not exceeding 15 calendar days, provided the U.S.

Attorney has no objection to it. If objected, the request will have to be made in writing to the Court.

### G. Consequences of Violations

Defendant is informed that violation of any of the foregoing conditions of release may result in a revocation of release, an order of detention, as provided in 18 U.S.C. § 3148, and a prosecution for contempt as provided in 18 U.S.C. § 401, which could result in a possible term of imprisonment and/or fine.

The commission of any offense while on pretrial release may result in an additional sentence upon conviction for such offense to a term of imprisonment of not more than ten years. This sentence shall be consecutive to any other sentence and must be imposed in addition to the sentence received for the offense itself.

A violation of any of the foregoing conditions may result in the forfeiture of any bail posted, the revocation of this release order, and the immediate issuance of a warrant of arrest of the defendant.

Title 18 U.S.C. § 1503 makes it a criminal offense punishable by up to ten years in jail and a $5,000 fine to intimidate or attempt to intimidate a witness, juror or officer of the Court; 18 U.S.C. § 1510 makes it a criminal offense punishable by up to five years in jail and a $5,000 fine to obstruct a criminal investigation; 18 U.S.C. § 1512 makes it a criminal offense punishable by ten years in prison and a $250, 000 fine to tamper with a witness, victim or informant; and 18 U.S.C. § 1513 makes it a criminal offense punishable by up to ten years in jail and a $250,000 fine to retaliate against a witness, victim or informant.

It is a criminal offense under 18 U.S.C. § 3146 if, after having been released, the defendant knowingly fails to appear as required by the conditions of release, or to surrender for the service of sentence pursuant to a court order. A term of imprisonment imposed for failure to appear or surrender shall be consecutive to the sentence of imprisonment for any other offense.

**SO ORDERED.**