This matter came before the Court of Appeals (COA) for Oral Argument on September 20, 2013. Virginia Gomez appeared for Appellant and Melissa Simon-sen appeared for Appellee. Oral arguments were held before the Acting Chief Justice Theresa Pouley and Justice John Sloan.[1]
The facts for purposes of the Initial hearing were not disputed and are as follows. The Appellant was arraigned on June 3, 2013 and bail was set at $500.00 or alternatively she could be released on Electronic Home Monitoring (EHM). Ap-moved for reconsideration of the bail and the trial court denied the motion. Appellant was released on EHM on June 12, 2013 and bond was posted on June 21, 2013. On June 21, 2013, Appellant filed this appeal claiming that bail was excessive, that the trial court erred in denial of a release on her personal recognizance and that the trial court erred in requiring bail. While Appellant was on pretrial release, the trial court issued a no bail warrant for a new additional criminal offense. The Appellant did not appear for oral argument and the warrant for her arrest remained active at the time of the initial hearing.
The Tribe filed a Motion to Dismiss on August 19, 2013, arguing that there is no final judgment, sentence or disposition order[2], therefore the appeal isn’t ripe for review, that there is no issue to be determined because the Appellant posted bail, was out on release and now has an active warrant and that Appellant failed to file a brief as required under COACR13-A(a). The Panel heard arguments on the motion.
The COA has ruled in prior cases that final orders are those written orders that dispose of substantive issues. In this case, a review of bail that was already posted does not rise to the level of disposing of substantive issues. The issue of excessive bail similarly becomes moot when the bail was actually posted. Therefore the Motion to Dismiss is granted. As we are dismissing on the ripeness issue, we will not rule on the issue of failure to file a brief.

ORDER

It is ORDERED that the Motion to Dismiss is GRANTED and this matter shall be remanded to the Trial Court for action consistent with this Order.

. Justice Pascal was assigned to this panel but passed away prior to the hearing.

. Colville Tribal Law & Order Code § 1 -2-106(c); Court of Appeals Rule 5(a).