SUMMARY
ANITA DUPRIS, Chief Justice.
Appellant, represented by Virginia Gomez, Office of Public Defender, filed a Notice of Appeal7 Motion for Immediate Review of a Denial of a Writ of Habeas Corpus. Appellee, Gary Zacherle, Commander of the CCT jail, entered a limited appearance through CCT’s Office of Reservation Attorney (ORA), Chaitna Sinhya.
This Court, in order to give the matter a full review, first entered a Writ of Mandamus on February 21, 2014, directing the Trial Court to enter its written order on the Writ of Habeas Corpus. As we stated in our Order Regarding Interlocutory Appeal Review and Writ of Mandamus, “Typically Writs for Habeas Corpus are heard on a very short time line, and written orders should be entered promptly.... ” The Writ of Habeas Corpus was filed on January 27, 2014; the hearing on the Writ was heard on February 7, 2014, and when this Appeal was filed on February 14, 2014 (15 days from the time the Writ was filed), the Trial Court still hadn’t issued its final order on the Writ. The Trial Court entered its Memorandum Opinion and Order from Hearing on Petition for Writ of Habeas Corpus on February 24, 2014.
*309 Appellee filed a Motion to Dismiss Appellant’s Appeal and Deny Appellant’s Motion for Immediate Review. Based on our decision herein we conclude that there is sufficient basis to review Appellant’s pleadings and the motion should be denied.
After reviewing the record and applicable law, the Panel finds that this matter should be remanded to allow the Trial Court to specifically address the issue of whether the bail in this matter violates Appellant’s right against excessive bail. CTC § l-5-2(g). This holding is based on the reasoning below.
DISCUSSION
This case comes before us in a series of interlocutory appeals filed over the last year specifically asking this Court to address the issue of the reasonableness of bail. See Matt v. CCT, 11 CCAR 50, 11 Am. Tribal Law 209 (2013), Vargas v. CCT, AP13-016IA (unpublished opinion; December 2, 2013), and Friedlander v. CCT, AP13-017IA (unpublished opinion; December 2, 2013). Each of the foregoing cases was filed as an Interlocutory Appeal in which the respective appellants alleged unreasonable or excessive bail. Our Court held that it was not an interlocutory issue in that the statutory law of the Tribes first directs the appellants to file a Writ of Habeas Corpus on the issue of bail (CTC § 2-12-211) before bringing the matter before the Court of Appeals. In both Vargas and Friedlander we acknowledged that although other jurisdictions would not use the Writ of Habeas Corpus as a mechanism to review bail, and there may be other best practices which could address the issue better, our statutory laws require it.[1]
The Trial Court’s Memorandum Opinion and Order from Hearing on Petition for Writ of Habeas Corpus dated February 24, 2013 (Order), denies Appellant’s request for a Writ without stating a reason why. Rather the Order states that a motion to reduce or reconsider a bail reduction is the more appropriate remedy for bail questions, then it goes on to set out procedural guidelines for filing a Writ of Habeas Corpus. As elucidating as this is, we find it non-responsive to the issue of bail.
The Trial Court, in CCT v. Amanda Matt, Case No. CR-2013-26017, set out standards for the Trial Court to consider when setting bail. It was a well-reasoned opinion which addressed legal concerns usually raised in bail questions, such as not using bail as a punishment for the crime charged, yet considering the interests of both the public and the individual charged. We need not go through the standards set out in the Matt opinion. It was well-researched and well-stated. It considered the seminal case regarding excessive bail, ie. Stack v. Boyle, 342 U.S. 1, 72 S.Ct. 1, 96 L.Ed. 3 (1951), and the parameters set out in that case. We find no reason why we should not adopt these standards set out in the Trial Court’s opinion in the Matt case.
What we do find in the Trial Court’s record, however, is that the Trial Judge did not follow its own Matt standards, or rather, there is nothing in the record to indicate that the standards were followed. A review of the Arraignment and Bail Hearing on January 14, 2014 reveals that Trial Judge had adequate information before her to assess the reasonableness of bail, but when asked to state *310 the basis for which she set such a high amount, the Judge refused to do so.[2] This makes it an incomplete record for us. Bail of $10,000 is very high. We all know that our jurisdiction, Okanogan and Ferry Counties, are two of the poorest counties in the State of Washington. Those of us who have lived here, and worked here, know that unemployment is high.
We cannot say bail can never be set this high. We do not say the Trial Judge must issue written findings every time she makes a decision on the record. What we do expect, however, is that every decision should be supported by the record, and when there is a question touching on a defendant’s fundamental rights, the Judge needs to state on record the basis of her decision. This was not done, and the Writ was filed appropriately.
HOLDING
Based on the foregoing, we hold that The Writ of Habeas Corpus is the correct way to raise an issue of excessive bail. The amount of bail set of $10,000.00 raises a question of whether or not it is excessive. There is an inadequate record to show what the Trial Judge considered, as set out in the bail standards identified in the Matt case to support a finding of such a high bail. We shall reserve our jurisdiction over the Writ of Habeas Corpus and remand this matter to the Trial Court for a new bail hearing, at which the Judge shall state on record the reasons for setting bail. Appellee’s Motion to Dismiss is denied.
It is so Ordered.

. 2-1-211 states: "When a person is imprisoned or detained in custody on any criminal charge, for want of bail, such person is entitled to a Writ of Habeas Corpus for the purpose of giving bail, upon averring that fact in Ms petition, without alleging that he is illegally confined."

. The actual recording of the Judge's refusal is a bit concerting. When asked to state findings on the record, she replied in a very gruff manner, “No, I’m not going to!’’ We once again counsel the judges to remember we are tribal leaders, and as such need to treat all who come before with respect.