JUSTICE MCKINNON
specially concurs as to Issue One and dissents as to Issue Two.
¶38 I agree with the Court’s ultimate resolution of Issue One, concluding that White’s conviction should not be reversed due to his absence from a status hearing held August 1, 2011. At that hearing, the District Court did not determine White was fit to proceed, but rather adopted the uncontested finding of incompetent and continued White’s commitment at Montana State Hospital for him to regain his fitness to proceed. At the subsequent October 24,2011 hearing, which White was present for, the District Court issued its determination White had regained his fitness. This determination was similarly based on an uncontested report from Montana State Hospital. I therefore disagree with the Court’s analysis that suggests a competency hearing was actually held and analyzes whether White was absent from a critical stage of his trial. Pursuant to the statutory criteria of § 46-14-221(1), MCA, a competency hearing was never required and the *342 District Court did not hold one. White does not challenge the procedure set forth in § 46-14-221(1), MCA, and I thus find inappropriate any harmless error review. The District Court complied with the provisions of § 46-14-221(1), MCA, and neither party lodged any objections to the procedure.
¶39 Section 46-14-221(1), MCA, allows the trial court to make a fitness determination without a hearing when the report filed under § 46-14-206, MCA, is not contested. The relevant provision states:
If neither the prosecutor nor the defendant’s counsel contests the finding of the report filed under 46-14-206, the court may make the determination on the basis of the report. If the finding is contested, the court shall hold a hearing on the issue. If the report is received in evidence upon the hearing, the parties have the right to subpoena and cross-examine the psychiatrists or licensed clinical psychologists who joined in the report and to offer evidence upon the issue.
Thus, it is only when the finding is contested that a hearing is required. White’s presence was not necessary at the August 1, 2011 status hearing when the District Court adopted the uncontested incompetency finding of the report.[1] Indeed, based on § 46-14-221(1), MCA, the District Court could have adopted the findings without a hearing and outside the presence of counsel.
¶40 The District Court conducted five status/review hearings where it attempted to resolve the issue surrounding White’s fitness to proceed. At the first three hearings, held April 25,2011, May23,2011, and July 11, 2011, Montana State Hospital had not completed its report and proceedings had to be continued on each occasion. By the time of the August 1, 2011 hearing, Montana State Hospital had completed its *343 evaluation, as required by § 46-14-206, MCA, and determined White was not fit to proceed. This finding was not contested by White or the State. The District Court then adopted these uncontested findings and continued the matter and White’s commitment to allow additional time for White to gain his fitness to proceed. At the fifth hearing, held October 25, 2011, the District Court again adopted the uncontested findings of the report, this time that White had regained his fitness to proceed. White was present for this hearing on October 25,2011. He does not challenge any aspect of the October 25,2011 hearing in which the District Court reached its conclusion that White regained his fitness and that proceedings in the criminal case could resume.
¶41 I therefore disagree with the Courtthatacompetencyhearingwas ever conducted which would potentially invoke the defendant’s right to be present and the Court’s harmless error analysis. See Opinion, ¶¶ 20-21. It is not necessary to address whether the District Court’s fitness determination was a critical stage of the proceeding, because there was no contested fitness hearing conducted in White’s absence. The District Court complied with statutory requirements in its adoption of uncontested findings. Because White has not challenged the constitutionality of the statute or its procedure on appeal or argued that a competency hearing must be held before an uncontested fitness determination can be made, I believe the Court’s analysis is incorrect. I therefore specially concur as to Issue One.
¶42 The Court’s analysis and resolution of Issue Two is troubling. To understand why this is so, it is only necessary to review the record and note the complete absence of an initial appearance hearing. White’s scheduled initial appearance on February 28, 2011 substantively did not occur: White was undisputedly not fit to proceed; defense counsel represented to the court his client could not understand the court’s advisements; defense counsel requested a continuance, presumably until White regained his fitness to proceed; and the court accepted White’s motion and committed White to Montana State Hospital. White’s motion raising his fitness to proceed and the court’s commitment of White suspended the criminal proceedings pursuant to § 46-14-221(2)(a), MCA.[2]
*344 ¶43 After White was determined to have regained his fitness on October 24, 2011, the District Court set the matter for a bench trial without conducting an initial appearance.[3] I disagree with the Court that we may presume that because White was represented by counsel, he effectively “realized” these mandatory advisements to which he was both statutorily and constitutionally entitled. It is almost too basic and too simple to state that we should not compel a defendant to defend himself against criminal accusations brought by the State without first properly advising the defendant of his constitutional rights in the proceedings. These advisements are so well-established and routine that their constitutional principles are embodied in § 46-7-102, MCA, as a “[d]uty of court.”
¶44 White was charged on February 17,2011, by complaint in Gallatin County Justice Court with one count of assault with a weapon in violation of § 45-5-213, MCA.[4] The underlying offense occurred on February 16,2011. White had a long and documented history of mental illness. The State filed a motion and affidavit for leave to file an information in the District Court and a petition to involuntarily commit White. White had both an emergency detention hearing pursuant to the State’s civil commitment petition and his initial appearance on the information February 28, 2011, before the same judge.
¶45 During White’s initial appearance, which apparently followed White’s emergency detention hearing, the District Judge inquired of defense counsel whether White was fit to proceed with his initial appearance. Defense counsel answered on two occasions that White was not fit to proceed with the initial appearance and requested that the proceedings be suspended pursuant to § 46-14-221(2)(a), MCA. Defense counsel represented that he would be filing a written motion reusing White’s fitness to proceed and that the Court could enter a “not guilty” plea on White’s behalf. The court committed White to Montana State Hospital for evaluation, entered a plea on White’s behalf, and set bail and conditions of release. It is undisputed that the provisions of *345 §§ 46-7-101 and -102, MCA, relating to a defendant’s initial appearance were never satisfied.
¶46 The Court states the "purpose of the initial appearance is to ensure that a defendant is not ‘held incommunicado for a protracted time,’ ” citing State v. Gatlin, 2009 MT 348, ¶ 22, 353 Mont. 163, 219 P.3d 874, and observes that “White was not held incommunicado, rather he had an attorney throughout the case, even during times when other criminal defendants are typically not represented.” Opinion, ¶¶ 34-35. While I agree that ensuring a defendant is not held “incommunicado” is one purpose of the “without unnecessary delay” provision of § 46-7-101, MCA, it is my opinion we have misinterpreted our precedent in Gatlin and State v. Strong, 2010 MT 163, 357 Mont. 114, 236 P.3d 580, where initial appearance hearings were nevertheless held, in order to justify a particular result in this proceeding.[5] This Court has consistently recognized that “ ‘[t]he purpose of [§ 46-7-101, MCA] is to [e]nsure that the person arrested is advised of the charge made against him in order to enable him to prepare a defense, and to protect him from being held incommunicado for protracted periods of time.’ ” State v. Benbo, 174 Mont. 252, 260, 570 P.2d 894,899 (1977) (quoting State v. Nelson, 139 Mont. 180, 188, 362 P. 2d 224, 229 (1961)) (emphasis added).
¶47 Almost every element of an initial appearance under state statutes or the Federal Rules of Criminal Procedure serve to enforce or give meaning to important individual rights that are either expressly granted in the U.S. Constitution, the Montana Constitution, or case precedent. Article II, Section 24 of the Montana Constitution provides:
In all criminal prosecutions the accused shall have the right to appear and defend in person and by counsel; to demand the nature and cause of the accusation; to meet the witnesses against him face to face; to have process to compel the attendance of witnesses in his behalf, and a speedy public trial by an impartial jury....
The initial appearance serves to (1) advise the defendant of his Sixth Amendment right to be informed of the charges against him, U.S. *346 Const, amend. VI (“the accused shall enjoy the right... to be informed of the nature and cause of the accusation”); (2) inform the defendant of his right to counsel and that if he is indigent counsel will be appointed, U.S. Const, amend. VI (“the accused shall enjoy the right... to have the Assistance of Counsel for his defence”); Coleman v. Alabama, 399 U.S. 1, 7, 90 S. Ct. 1999, 2002 (1970); Miranda v. Arizona, 384 U.S. 436, 471-73, 86 S. Ct. 1602, 1626-27 (1966); Gideon v. Wainwright, 372 U.S. 335, 339-40, 83 S. Ct. 792, 794 (1963); Johnson v. Zerbst, 304 U.S. 458, 459, 58 S. Ct. 1019, 1021 (1938); (3) inform the suspect of the right to remain silent under the Fifth Amendment privilege against self-incrimination, U.S. Const, amend. V (“No person... shall be compelled in any criminal case to be a witness against himself”); Miranda, 384 U.S. at 442, 86 S. Ct. at 1611; and (4) to have bail reviewed and set in accordance with the Eighth Amendment, U.S. Const, amend. VIII (“Excessive bail shall not be required”); Stack v. Boyle, 342 U.S. 1, 5, 72 S. Ct. 1, 3 (1951).
¶48 Section 46-7-102, MCA, embodies the aforementioned constitutional principles and specifically states that it is the “[d]uty of [the] court” and that the judge “shall” inform the defendant:[6]
(a) of the charge or charges against the defendant;
(b) of the defendant’s right to counsel;
(c) of the defendant’s right to have counsel assigned by a court of record in accordance with the provisions of 46-8-101;
(d) of the general circumstances under which the defendant may obtain pretrial release;
(e) of the defendant’s right to refuse to make a statement and the fact that any statement made by the defendant may be offered in evidence at the defendant’s trial;
(f) that conviction may result in the loss of various rights regarding firearms under state and federal law; and
(g) of the defendant’s right to a judicial determination of whether probable cause exists if the charge is made by a complaint alleging the commission of a felony.
It is necessary the defendant be informed of these rights by the court. The fact that White was appointed counsel does not release the court from its obligation to provide the defendant with a proper advisement *347 of these rights.
¶49 While recognizing that an error occurred in failing to comply with the provisions of § 46-7-102, MCA, the Court finds it “notable” that White failed to make any objection and additionally has never alleged a violation of any one of these rights. We conclude that “White received the actual realization of those rights,” Opinion, ¶ 32, and therefore “decline to exercise plain error review,” Opinion, ¶ 36. In some respects, we put the cart before the horse by reviewing a claim for prejudice, finding no prejudice, and then declining to exercise plain error review. However, because I have little doubt the District Court would have promptly and sufficiently conducted an initial hearing following White’s release from Montana State Hospital had defense counsel objected, I am compelled to find that the objection should have been made in order that error be preserved. I disagree, however, that the exercise of plain error review is not required. It is my opinion that the ultimate effect of the failure to advise of these fundamental constitutional rights must be deemed a denial of due process which “leave[s] unsettled the question of the fundamental fairness of the trial or proceedings, [and] compromise^] the integrity of the judicial process.” State v. Reim, 2014 MT 108, ¶ 38, 374 Mont. 487, 323 P.3d 880.
¶50 Initially, I want to be clear that while I believe an objection should have been made to the failure to conduct an initial hearing, I think it unfair to require a person to object to what occurred during a period when he was deemed unfit to proceed. If it is fundamentally unfair to require an incompetent person to stand trial, Pate v. Robinson, 383 U.S. 375, 378, 86 S. Ct. 836, 838 (1966), then certainly it is just as unfair to require the person to make an objection during a period when he is considered unfit to proceed. We cannot presume that White knew, one way or another, whether he was advised of his rights, particularly since he was deemed unfit to proceed for the first eight months of his pre-trial proceedings. This is, however, a matter more appropriately addressed in a collateral proceeding and is not a basis for altering standards of review and precedent regarding preservation of error.
¶51 Secondly, I fundamentally disagree with the notion that the absence of a specific violation of one or more of the fundamental rights provided for in § 46-7-102, MCA, dispenses of any consideration of a violation of the statute. The requirements of § 46-7-102, MCA, would be rendered meaningless under such an interpretation. In stating the obligation of the judiciary to apply these constitutional rights, the United States Supreme Court, over 100 years ago, eloquently explained *348 in Weems v. United States, 217 U.S. 349, 373, 30 S. Ct. 544, 551 (1910):
[O]ur contemplation cannot be only of what has been but of what may be. Under any other rule a constitution would indeed be as easy of application as it would be deficient in efficacy and power. Its general principles would have little value and be converted by precedent into impotent and lifeless formulas. Bights declared in words might be lost in reality. And this has been recognized. The meaning and vitality of the Constitution have developed against narrow and restrictive construction.
¶52 We applied these principles recently in Strong, where we declared that the Benbo suppression remedy was an insufficient incentive for officials to follow these statutory procedures and that, without more, rights declared in statute will often become “ lost in reality.’ ” Strong, ¶ 14. We held that if dismissal were the appropriate remedy in Gatlin for a failure to provide the defendant with all the information and advisories required at the initial appearance, then “manifestly dismissal is the appropriate remedy if the initial appearance itself is unnecessarily delayed.” Strong, ¶ 15. Consistent with Gatlin and Strong, I would therefore dismiss the charge for failure to conduct an initial appearance hearing — or any hearing — in which White was advised of his constitutional rights as provided for in § 46-7-102, MCA. It is my view that we ignore the law established by prior cases in holding otherwise.
¶53 The final issue remaining is whether the dismissal should be with or without prejudice. In Strong, we held:
We re-affirm what was at least implied in Gatlin", if a defendant who is not afforded the rights provided by §§ 46-7-101 and -102, MCA, demonstrates material prejudice arising from an unnecessary delay in providing an initial appearance or from failure to provide required information and advisories, then dismissal with prejudice may be warranted.
Strong, ¶ 20. As I have indicated, the Court’s analysis dispenses with the requirement of advising a criminal defendant of the constitutional rights at an initial appearance by finding that a defendant receives the “actual realization of those rights” vicariously through counsel. Opinion, ¶ 32. Dismissal with prejudice would serve to protect the defendant’s statutory rights and his constitutional rights. In the present case, however, White seeks only dismissal without prejudice. I therefore would dismiss the case without prejudice.
¶54 In closing, I feel constrained to comment that I understand the circumstances surrounding the District Court’s failure to conduct an *349 initial hearing. The register of action and minute entries of the Clerk of Court reflect that an initial hearing took place. The District Judge undoubtedly noted these docket entries and proceeded to set an omnibus hearing following White’s release from Montana State Hospital. Everyone concerned — eight months and hundreds of cases later — understandably did not recall the particular circumstances of the February28,2011 hearing. There would not have been a transcript of the proceeding in the court file. In spite of these administrative obstacles, however, a criminal defendant must receive the advisories contained in § 46-7-102, MCA, and the failure to provide these advisories was error. Under the circumstances of this case, I would exercise plain error review and dismiss without prejudice. I dissent from the Court’s resolution of Issue Two concluding otherwise.

A defendant has a “right to be present at all stages of the trial «diere his absence might frustrate the fairness of the proceedings ”Faretta v. California, 422 U.S. 806, 819 n.15, 95 S. Ct. 2525, 2533 n.15 (1975). However, the right to be present is not absolute. Illinois v. Allen, 397 U.S. 337, 342-43, 90 S. Ct. 1057, 1060-61 (1970). I do not mean to suggest that any aspect of a criminal proceeding should be conducted in the defendant’s absence — even a status or review hearing. It is the burden of the District Court to determine whether a defendant’s presence is necessary based upon a multitude of factors. I believe it safe to say that most district judges, when aware of a potential presence issue, will fall on the side of having the defendant present. However, since a competency hearing was never required pursuant to § 46-14-221(1), MCA and the District Court did not conduct a competency hearing, it is not necessary to address White’s presence claim for an uncontested finding made by the District Court — even if made at a status hearing. Significantly, White has not challenged the procedures of § 46-14-221(1), MCA

 Section 46-14-221(2)(a), MCA, provides:
If the court determines that the defendant lacks fitness to proceed, the proceeding against the defendant must be suspended, except as provided in subsection (4), and the court shall commit the defendant to the custody of the director of the department of public health and human services to be placed in an appropriate mental health facility, as defined in 63-21-102, or residential facility, as defined *344 in 53-20-102, of the department of health and human services for so long as the unfitness endures or until disposition of the defendant is made pursuant to this section, whichever occurs first.

 White filed a written waiver of jury trial on April 19,2013.

 White never appeared in Justice Court for an initial appearance.

 The Court in Strong recognized a close association, but nevertheless a distinction, between § 46-7-101(1), MCA, requiring a prompt initial appearance, and § 46-7-102, MCA, requiring that “a defendant be informed... of the important rights set out in § 46-7-102, MCA.” Strong, ¶ 11. The Court observed that “[t]heBe two sections together ensure that a criminal prosecution begins promptly and with a recognition of the defendant’s essential rights”Strong, ¶ 11 (emphasis added).

 The specific provisions of § 46-7-102, MCA serve to “duly infonn[ ] [the defendant] of his constitutional rights (the right to know the charge against him, the right to counsel, the right to remain silent and the right to bail)...Commission Comments § 46-7-102, MCA